## 53230. VAUGHN v. THE STATE.

McMURRAY, Judge.

Defendant was convicted of violating the Georgia Controlled Substances Act for the possession of marijuana. He was sentenced to serve 10 years, the last five years of which were to be served on probation. A

motion for new trial, as amended, was filed and denied, and defendant appeals. *Held:*

1. A number of the amended grounds of the motion for new trial, as well as the first two enumerations of error are concerned with the alleged error of the lower court in denying defendant's motion to suppress evidence in that a search warrant was illegal because it was insufficient on its face and was based upon an affidavit lacking in probable cause and did not adequately describe the premises to be searched with the degree of particularity required by Code Ann. § 27-303 (Ga. L. 1966, pp. 567, 568). Both the affidavit and the search warrant described the premises to be searched as "the residence of W. J. Vaughn, a cream colored house trailer with dark trim, located approximateal [sic] 1 1/2 miles on Cash Rd. east of the intersection of Cash Rd. and Ridge Rd., to a drive turning north to trailer park, said trailer being last on left in pines with a white station wagon sitting in yard." No designation is made as to any city, county or state as to the location of said "house trailer," but the affidavit was sworn to by the deponent before a justice of the peace in Hall County. It is argued that the fact that it was sworn to in Hall County and designates the premises as "residence of W. J. Vaughn" was sufficient to show the location of the residence of W. J. Vaughn in Hall County. But the designation Hall County is a part of the certificate of the officer and not a part of the deposition of the affiant. The search warrant was addressed to "All lawfully authorized Peace Officers of said State." The description in the warrant itself must be sufficient to enable the officer who serves the warrant to ascertain with reasonable certainty and identify the place intended. See *Steele v. State,* 118 Ga. App. 433 (3b) (164 SE2d 255); Steele v. United States, 267 U. S. 498, 503 (45 SC 414, 69 LE 757); *Bell v. State,* 124 Ga. App. 139, 140 (182 SE2d 901); *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585). The affidavit lacked probable cause for the magistrate to issue the search warrant since the location was inadequate. Further, the search warrant failed to describe the location of the residence of W. J. Vaughn with such exactitude to allow a prudent officer to locate the place definitely and with reasonable certainty, the same being so general as to allow him to search other

property having the same description. *Durrett v. State,* 136 Ga. App. 114 (2) (220 SE2d 92). For instance, in the hearing on the motion it was shown that there were three different Ridge Roads in Hall County, one of which ran into Gwinnett County from Hall County. The court erred in refusing to suppress the evidence seized with the illegal search warrant.

2. The ruling in Division 1 renders it unnecessary to rule upon the other enumerations of error.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

Submitted January 18, 1977 — Decided February 28, 1977.

*Larry Fowler,* for appellant.

*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.