### 59792. MILLER v. THE STATE.

BIRDSONG, Judge.

Jessie D. Miller was convicted of violating the Georgia Controlled Substances Act by possessing in excess of several pounds of marijuana with intent to distribute. He was sentenced to ten years, five to serve and five on probation. Miller brings this appeal enumerating two alleged errors. *Held:*

I

A. In the first prong of his argument, Miller contends that the reliability of an informer was not sufficiently proven before the justice of the peace to authorize the issuance of the search warrant. The affidavit of the officer procuring the warrant provided: "On 7/23/79 affiant received information from a confidential informant who stated that within the past 96 hours they have personally observed marijuana being kept and stored at the described address. Informant is a concerned citizen whom affiant has personally known for over five years, and has known him to be a truthful and reliable citizen."

Once again we are faced with the question of whether a magistrate may act on the information of an informer as to whom the magic phrase "has given reliable information in the past that has resulted in arrests or convictions" may not be applied. At least a partial answer is furnished in United States v. Harris, 403 U. S. 573, 581 (91 SC 2075, 29 LE2d 723), where it was stated in substance that it has not yet been held to be a precondition that 'an averment of previous reliability is essential, rather the question always has been whether the informant's present information rings with truth and reliability. This court also was faced with a similar question in *Davis v. State,* 129 Ga. App. 158, 160 (198 SE2d 913) wherein it was held that an affidavit generally describing the informer as a person with no known criminal record, a mature person, regularly employed, demonstrating truthful demeanor, whose information was based upon personal knowledge, was a sufficient statement of reliability. Apparently in that case the informer was not known to the affiant except as the result of an investigation, i. e., the informer was not an acquaintance or friend of the affiant of long standing whose reputation for truth, veracity and reputation as a law abiding citizen in the community was known to the affiant. But as we held in *Tuzman v. State,* 145 Ga. App. 761 (244 SE2d 882) at p. 766: "The appellant is incorrect in contending that the affidavit was defective because it failed affirmatively to support the basis of knowledge and

veracity of those hearsay declarants, as provided by Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964) and its progeny. Where the hearsay comes from a confidential informant — as likely as not a member of the criminal community and frequently one who is providing information in order to escape prosecution himself — the Aguilar standards are readily applicable. E. g., *Love v. State,* 144 Ga. App. 728 [242 SE2d 278]. But where the hearsay declarant is an identified interested citizen or, especially, [a] . . . police officer, the credibility is not as suspect and the analysis is not as stringent." By our understanding of these declarations, we are persuaded of their logic. As in the case of a police officer, a law-abiding citizen has a "built in" credibility. See *Carroll v. State,* 142 Ga. App. 428, 429 (236 SE2d 159). We believe there is a sufficient showing of credibility and thus probability of truthfulness when the affiant can state to the magistrate that his investigation shows that the informant is indeed a law-abiding citizen or the informant is personally known to the affiant to be a law-abiding citizen. To hold otherwise would be to exclude the word of all reputable, law-abiding eyewitness informants simply because they are unknown to the police, or have no reputation other than a good one. We conclude that information that the affiant had known the informer for over five years, that, the informer was concerned about the drug problem, was known to be reliable and truthful, and had seen marijuana at Miller's house within the past 96 hours sufficiently established the reliability of both the tip and the tipster. See *Meneghan v. State,* 132 Ga. App. 380, 383 (d) (208 SE2d 150).

B. The second prong of the appellant's argument goes to the lack of detail in the description of the premises to be searched, particularly the omission of the inclusion of the county and state in the warrant.

The warrant is headed State of Georgia, County of Bartow. The premises were described as follows: "Travelling [sic] west on Chulio Road. Go left on Cliff Nelson Road. Go to the first paved Rd. to, [sic] the left. Travel .7 miles. Go to the fifth house on the left (a beige wood frame house with white trim. [sic] Residence is the last house on the road." The officer who executed the warrant testified that he did not know where Jessie Miller lived except generally and had to follow the description in the warrant to reach the house. The magistrate testified that he knew that the premises described in the warrant lay in Bartow County (as did the officer executing the warrant). Miller himself testified in the suppression hearing that his house was the last house on his road. He admitted that if one went to the first paved road past Cliff Nelson's house (assuming that the road at Nelson's house was not paved) and followed the instructions, one would end

up at Miller's house.

Miller argues that the holding in *Vaughn v. State,* 141 Ga. App. 453, 454 (233 SE2d 848) is dispositive of his contention that the absence of a state, county, or city in the description renders the description legally inadequate. We disagree. In the *Vaughn* case, supra, the designation of a county appeared only in the certificate of the officer before whom the warrant was sworn and not the deposition of the affiant. In the instant case, the deposition of the affiant is headed State of Georgia, County of Bartow. The magistrate testified that he knew the house was located in Bartow County as did the officer who executed the warrant. Furthermore, in *Vaughn,* a showing was made at the suppression hearing that there were three roads of the same name as that appearing in the deposition of the affiant. In the instant case, all parties were agreed that the starting point was the residence of a long-time resident of Bartow County who had a road named after him and that was the only home of that named individual. In other words, we conclude that the description in the warrant itself was sufficient to enable the officer who served the warrant to ascertain with reasonable certainty the identity of the place intended. *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262). Enumeration of error no. 1 is without merit.

## II

In his second enumeration of error, appellant complains that the evidence is insufficient to warrant the conviction. He bases this contention on the premise the state did not show by competent evidence that Miller possessed marijuana with the intent to distribute it. To the contrary, the only logical conclusion from the evidence is that Miller intended to distribute the marijuana. The evidence, in brief, indicated that the searching officers found growing marijuana plants, whole plants that were harvested and drying, and packaged marijuana in the typical sized container utilized in street sales. The total weight of all the marijuana confiscated, including the plants pulled from the ground, amounted to 40 pounds. The expert called by the state who weighed the bulk marijuana estimated that there was at least 20 pounds of usable marijuana. Such an amount of marijuana, some of which was already bagged, is inconsistent with the simple possession of marijuana for personal use. As previously indicated, we are satisfied that any rational trier of fact could reasonably have found proof of the element of possession with intent to distribute the marijuana, and all other elements of the crime charged beyond reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). This enumeration likewise lacks merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED APRIL 8, 1980 — DECIDED JULY 3, 1980 —
REHEARING DENIED JULY 17, 1980 —

*Kit B. Bradshaw,* for appellant.
*Charles Crawford, District Attorney,* for appellee.