## 62801. REDDISH v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of possession of cocaine and marijuana. On appeal, he maintains that the trial court erroneously denied his motion to suppress evidence seized pursuant to a search warrant. We agree with appellant's contention and accordingly reverse the judgment.

The state has the burden of showing that probable cause existed and that the facts establishing probable cause were presented to the magistrate prior to the issuance of the warrant. *State v. Bradley,* 138 Ga. App 800 (1) (227 SE2d 776). When, as here, the record before this court contains neither the search warrant nor the affidavit executed in support thereof, we must look to the transcript of the suppression hearing to determine whether the state has met its burden of proof. *Liskey v. State,* 156 Ga. App. 45 (1) (274 SE2d 89); *Bland v. State,* 141 Ga. App. 858 (234 SE2d 692). Having done so, we must conclude that the testimony adduced at the hearing in this case did not contain sufficient facts to sustain the state's two-fold burden of proof. There was no evidence that the magistrate issuing the search warrant had been informed of the identity of the substances purchased in the "controlled buys." Labeling the material as "evidence" does not suffice. See *Mitchell v. State,* 156 Ga. App. 769 (275 SE2d 345). Furthermore, the witness at the motion to suppress hearing testified that his probable cause was based upon two "buys," one by a

confidential reliable informant and one by an undercover police agent within two weeks of the application for the search warrant. There is no evidence that the issuing magistrate was informed of the dates of the alleged buys. Without the dates, the magistrate had no evidence from which he could decide whether the information was stale. See *Bachelor v. State,* 143 Ga. App. 442 (238 SE2d 579). See also *Tuzman v. State,* 145 Ga. App. 761 (2A) (244 SE2d 882).

In light of the inadequacies mentioned, we must reverse the judgment of the trial court since the state failed to carry its two-fold burden of proof at the motion to suppress hearing. Had the search warrant or the affidavit been included in the record, the result might have been different.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 5, 1982.

*M. Theodore Solomon,* for appellant.
*Harry D. Dixon, Jr.,* for appellee.