## 62986. BRITT v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant appeals her conviction for violation of the Georgia Controlled Substances Act in possessing phencyclidine (PCP). *Held:*

1. We consider first the alleged error asserted because the trial court denied defendant's motion to suppress alleged drugs seized pursuant to a search warrant.

A police officer testified at the suppression hearing that while on routine patrol he observed an automobile parked at defendant's housetrailer in a trailer park. As he left the area he observed the same automobile following him. When he stopped at a convenience store, the automobile which had followed him also stopped and the female driver, whom he did not know, showed him a bag of what she said was PCP which she had obtained from defendant's trailer and said there was more in the trailer. The officer met with other officers and went to a justice of the peace to obtain a search warrant, taking the informant (female driver) with them. The officer's affidavit to the justice of the peace stated: "Received information from a reliable informant which stated that within the past 72 hours informant had seen drugs at [defendant's] address." At the suppression hearing the officer testified that he did not know the informant or know if she was

reliable. He also testified that the informant showed the bag of alleged PCP to the justice of the peace and told him that she got it from defendant's trailer. The sheriff testified that he saw the bag of alleged PCP, but also did not know the informant. Neither the justice of the peace nor any other witness testified. A search warrant was issued based on the foregoing and execution thereof resulted in the seizure of alleged PCP, suppression of which was denied by the trial court.

It is argued that the validity of that portion of the affidavit reciting the reliability of the informant was destroyed by the officer's testimony that he did not know the informant or her reliability so that this purported falsity rendered his affidavit insufficient. The term "reliable informant" is a term of art which has in the past produced some confusion in the courts and among law enforcement personnel. As discussed in United States v. Harris, 403 U. S. 573, 581 (91 SC 2075, 29 LE2d 723), an averment of previous reliability is not essential, the question is whether the informant's present information is truthful and reliable. See in this regard *Davis v. State,* 129 Ga. App. 158, 159 (3) (198 SE2d 913). Yet repeatedly the term "reliable informant" has been mistakenly believed to require that the informant in question has previously supplied reliable information to law enforcement officials. In the case sub judice the officer-affiant testified that he did not know the informant or her reliability but subsequently explained this testimony as merely meaning that the informant had not previously supplied reliable information to him. The term of art as used in the affidavit, being broader than the meaning which the officer was attributing to the term reliable informant in his testimony, does not show the affidavit to be false. The record shows that the informant's reliability was established by means other than by evidence of previously having given reliable information to law enforcement officers. Therefore, there was no contradiction between the affidavit and the officer's testimony.

Furthermore, the fact that the informant supplied a sample of the drugs to law enforcement officials, as well as the fact that the informant was seen at the defendant's residence immediately prior to establishing contact with law enforcement officials presents such a detailed description of the criminal activity as to assure the magistrate that the information provided is more than a casual rumor circulating in the underworld. The concrete physical proof of the existence of criminal activity presented by the sample of the drugs provided to law enforcement officers established the needed credibility and reliability of the informant.

Additionally, the informant here did not remain anonymous to the justice of the peace issuing the warrant but was clearly present

before this official, whether any statements made by her were under oath or not. The requirement of Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723), as to the showing of a confidential informant's reliability is to enable the magistrate to determine whether the "tips" are worthy of credence when the informant remains anonymous. See *Simmons v. State,* 233 Ga. 429, 431 (211 SE2d 725). See also Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637).

The record does not indicate that the informant was a sworn witness before the justice of the peace issuing the search warrant. Yet it is clear that she was present so that her identity was made known to the justice of the peace and the justice of the peace was able to judge her demeanor for himself. This, along with the informant's voluntary submission to law enforcement officers of such concrete evidence of criminal activities as a sample of the contraband sufficiently establishes the reliability of the informant.

As probable cause is clearly shown due to the sample of the contraband involved, the trial court was correct in denying the defendant's motion to suppress.

2. The next alleged error we consider is concerned with the sufficiency of the evidence to convict, defendant arguing that it is contrary to law, contrary to the evidence and the verdict is strongly against the weight of the evidence. However, the search warrant produced a quantity of phencyclidine (PCP) in individual bags which were found in the defendant's bedroom in a trailer, and the defendant affirmatively stated that the trailer was hers and rented by her. The bedroom where the envelopes of PCP were found was hers, and the same was found in the closet of her bedroom in an envelope which she had addressed. Defendant's main complaint is that the equal access rule, there being four individuals at the trailer at the time of the search, would prevent her conviction on the evidence presented. The other individual with whom she was jointly indicted was found not guilty, apparently on the equal access rule, while the other two defendants apparently pleaded guilty to charges of possession of a controlled substance found either on their person or in a bedroom that they occupied in the trailer. This information has been supplied by brief of the district attorney, as well as the information with reference to the four individuals at the trailer at the time of the search warrant. However, we have carefully reviewed the entire record and transcript and find that a rational trier of fact, the jury in the case sub judice, could reasonably have found from the evidence adduced at trial reasonable proof of the guilt of the defendant, said evidence including the contraband which was not suppressed. See *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (1) (279 SE2d 678).

There is no merit in this enumeration of error.

3. Counsel next contends that the trial court erred in failing to grant a mistrial upon the district attorney's questioning of the co-defendant concerning his character and the character of this defendant, said question being with reference to whether she was the common law wife of this co-defendant living in the trailer. She had testified with reference to male clothing hanging in the closet, that same belonged to her daddy and was not the clothing of the co-defendant. Under the circumstances the questioning with reference to whether or not she was his common law wife and they were living together in the trailer were of concern and legitimate questions. But upon examination of the transcript with reference to the objection made same was merely that this witness was not a member of the legal profession and state's counsel was arguing with the witness. We do not find an objection made during the time the defendant was being cross-examined with reference to the character of the defendant, nor do we find that any motion for mistrial was made. However, upon examination of the co-defendant with reference to whether or not the defendant and co-defendant lived together as man and wife, the trial court forthwith overruled a motion for mistrial made at that time. There is no merit in the complaint that the district attorney was directly trying to put character in evidence, the evidence amply showing circumstances on which it could be inferred that the defendant and co-defendant were either living together as man and wife or otherwise.

4. The search warrant disclosed that 24 bags of alleged PCP were seized. However, some 27 individual bags were counted at the State Crime Laboratory, and there was no evidence of any commingling of other plastic wrapped contraband at the crime laboratory. In counting the individual bags, it could have been that two or three of them became stuck together and counted as one. The substance received was positively identified as being phencyclidine, the chain of custody was properly testified to, and there simply is no merit in defendant's complaint that the trial court erred in admitting into evidence the 27 bags of phencyclidine.

5. There being direct evidence that the defendant was in possession and control of the trailer in which illegal drugs were found, the trial court did not err in charging that if the jury so found then the jury would be authorized, if the evidence so warrants, to find the defendant or defendants or either of them guilty. It was for the jury to determine whether the equal access or equal opportunity rule would authorize them, the jury, to find the defendant not guilty. There is no merit in this complaint.

Having reviewed each and every enumeration of error argued by

the defendant in her brief and finding no reversible error, we affirm the judgment.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 11, 1982.

*John R. Thigpen, Sr.,* for appellant.
*C. Deen Strickland, District Attorney,* for appellee.