## 65599. THE STATE v. JACKSON.

POPE, Judge.

Mary F. Jackson was indicted for possession of an amount of marijuana in excess of one ounce in violation of the Georgia Controlled Substances Act. Prior to arraignment and entry of her plea, Jackson filed a motion to suppress evidence seized pursuant to a search warrant. After an evidentiary hearing, the trial court granted the motion to suppress because the affidavit upon which the search warrant issued did not establish the reliability of the confidential informant. The state appeals the grant of Jackson's motion to suppress.

The affidavit in support of the warrant stated that the affiant law enforcement officer's belief that contraband was being concealed by Jackson was "based on information provided by a reliable informer who is a concerned citizen and known personally by the affiant, and who saw pills and marijuana at 507 Gordon Road on the night of 23 May, 1982. . . ." The affidavit and search warrant are dated May 24, 1982.

1. From the record, it is clear that the affiant police officer acted to obtain the search warrant based solely upon the tip provided by an unnamed informant. Under Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964), and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), " 'where hearsay such as an informer's tip is relied upon for probable cause, the sworn information placed before the justice of the peace must adequately set forth (1) the " 'underlying circumstances' necessary to enable the magistrate independently to judge of the validity . . ." of the information, and (2) the informant's credibility or reliability.' " Shaner v. State, 153 Ga. App. 694, 696 (266 SE2d 338) (1980), quoting Simmons v. State, 233 Ga. 429, 431-2 (211 SE2d 725) (1975). The information presented to the magistrate must contain particular facts or circumstances which justify the affiant's conclusion that both the informant and the information furnished are reliable and trustworthy. See State v. Griffin, 154 Ga. App. 361 (268 SE2d 412) (1980); Cooksey v. State, 149 Ga. App. 572 (2) (254 SE2d 892) (1979). "The state has the burden of showing that probable cause existed and that the facts establishing probable cause were presented to the magistrate prior to the issuance of the warrant." Reddish v. State, 161 Ga. App. 170 (288 SE2d 266) (1982).

This court has been provided no transcript of the evidence adduced at the hearing on the motion to suppress. Since we have no evidence that the issuing magistrate was informed of any additional facts or circumstances, "the sufficiency of the affidavit must depend

entirely on whether there is a substantial basis for believing the informant *himself* to be reliable or trustworthy." *Galgano v. State,* 147 Ga. App. 284, 285 (248 SE2d 548) (1978). Cf. *Tisby v. State,* 157 Ga. App. 200 (276 SE2d 875) (1981). This determination must, thus, be solely based upon information presented upon the face of the affidavit itself. Spinelli v. United States, supra at 413 n. 3; see Aguilar v. Texas, supra at 109 n. 1.

2. In the case sub judice, the information supplied to the affiant was the product of the informant's personal observation; therefore, the first prong of the Aguilar-Spinelli test, the credibility of the *information,* has been satisfied. See *Driscoll v. State,* 129 Ga. App. 702 (1) (201 SE2d 11) (1973). However, Jackson's successful challenge to the affidavit and our inquiry in this appeal focus on the second prong, the credibility or reliability of the *informant.* "This requirement seeks demonstration of a general proposition — that the informant himself, as opposed to the specific reliability of the incriminating information addressed in the first 'prong,' is a person upon whose truthfulness reliance may reasonably be placed." *Shaner v. State,* supra at 698.

The present veracity of the information is frequently shown by specific reference to past performance in providing valuable information to law enforcement authorities. See *Anderson v. State,* 249 Ga. 132 (5) (287 SE2d 195) (1982); *Pressel v. State,* 163 Ga. App. 188 (1b) (292 SE2d 553) (1982); *McCannon v. State,* 161 Ga. App. 685 (4) (288 SE2d 663) (1982). The term "reliable informer," used in the affidavit in the present case, is a term of art which neither requires nor implies that the informant has previously supplied such information. See *Britt v. State,* 161 Ga. App. 244 (1) (288 SE2d 309) (1982). Presentation to the magistrate of the informant's previous "track record" of reliability is not the only means of establishing his trustworthiness. *Giles v. State,* 149 Ga. App. 263 (2d) (254 SE2d 154) (1979). Credibility has been ascribed to those informants who were victims of the crime or whose statements to the authorities were against their penal interest. See *Wilcoxen v. State,* 162 Ga. App. 800 (2) (292 SE2d 905) (1982); *Hardy v. State,* 162 Ga. App. 797 (1) (292 SE2d 902) (1982).

To some extent, the application of the Aguilar-Spinelli mode of analysis has been relaxed when the affidavit contains hearsay allegations made by someone other than a confidential informant. "Where the hearsay comes from a confidential informant — as likely as not a member of the criminal community and frequently one who is providing information in order to escape prosecution himself — the Aguilar standards are readily applicable. [Cit.] But where the hearsay declarant is an identified interested citizen or, especially, an

identified government official or police officer, the credibility is not as suspect and the analysis not as stringent. People v. Glaubman, 485 P2d 711 (Colo. 1971); Walker v. State, 196 S2d 8 (Fla. [App.] 1967)."[1] *Tuzman v. State,* 145 Ga. App. 761, 766 (244 SE2d 882) (1978). In *Tuzman* the affidavit contained averments of allegations against the appellant dentist which were relayed to the affiant by *named* government and law enforcement authorities as well as by practicing dentists who comprised the Peer Review Committee of the Georgia Dental Association. This court found that the affidavit presented sufficient indicia of the reliability of the informants.

Relying upon the rationale of *Tuzman* for the distinction in application of the Aguilar-Spinelli standard, this court held in *Miller v. State,* 155 Ga. App. 399, 400 (270 SE2d 822) (1980), that "there is a sufficient showing of credibility and thus probability of truthfulness when the affiant can state to the magistrate that his investigation shows that the [*unnamed*] informant is indeed a law-abiding citizen or the informant is personally known to the affiant to be a law-abiding citizen." In the case sub judice, the state argues that the affidavit at issue is factually similar enough to the affidavit in *Miller* to allow it to suffice in showing the veracity of the informant. We disagree. In pertinent part, the affidavit in *Miller* stated that the affiant received information from a "confidential informant" who "is a concerned citizen who affiant has personally known for over five years, and has known him to be a truthful and reliable citizen." As is apparent from a comparison of the affidavits in *Miller* and in this case, the affidavit in *Miller* contained additional information not presented herein. When the affidavit in the case sub judice is pared down to only those terms applicable to a showing of the unnamed informant's credibility, the magistrate was told only that the informant was a "reliable," "concerned citizen," "known personally by the affiant." We find the affiant's statements in the affidavit to be conclusory and, thus, lacking in particular facts or circumstances sufficient to provide a substantial basis for the magistrate to find the informant to be reliable and, thus, to credit the hearsay information upon which the affiant requested the search warrant. For this reason the trial court was correct in granting Jackson's motion to suppress evidence obtained in the execution of the search warrant.

---

1. In People v. Glaubman, supra at 717, the Supreme Court of Colorado adopted the citizen-informer rule, holding that constitutional safeguards are satisfied "when the affidavit supporting an arrest warrant or search warrant contains the name and address of the citizen-informant who was a witness to criminal activity and includes a statement of the underlying circumstances."

3. Although we adhere to the holding in *Miller,* we recognize that the facts presented by affidavit to the magistrate therein exemplify the outer limit or minimum standard required for attesting to the reliability of an unnamed informant. In further explanation, we refuse to extrapolate a meaning of "law-abiding" from the word "concerned" as used to describe a citizen informer. In clarification we point out that, to the extent that this court's opinion in *Miller* may be read to allow an assumption of "law-abiding" to be drawn solely from the term "concerned," such interpretation will not be followed. As in *Miller,* additional facts or circumstances must be presented. Cf. *Devier v. State,* 247 Ga. 635 (5) (277 SE2d 729) (1981); *Hardy v. State,* supra at (2).

We do not intend our opinion in the case sub judice to be interpreted to mean that an affidavit made to obtain a search warrant should be dissected in a "hypertechnical" manner; it should not. See *Devier v. State,* supra at (7). Nor is there any "magic phrase" appropriate in all cases for use in showing the reliability of the citizen informant. See *Davis v. State,* 129 Ga. App. 158 (3) (198 SE2d 913) (1973). However, in an effort to provide some measure of guidance in this regard to the members of the bench and bar, as well as law enforcement officials, we note by way of illustration the following averments of citizen informant credibility held sufficient by this court. Statements were made by the affiant in *Davis v. State,* supra at 160, that the informant had " 'no known criminal record, [was] a mature person, regularly employed, a college student in good standing (who) demonstrated truthful demeanor. . . .' " An affidavit containing the affiant's statement that his information was received from "a 'reliable source' known to [affiant] to be 'a mature person, regularly employed and absen(t) of any motivations to falsify' " has also been held to show the requisite informant reliability. *Reed v. State,* 150 Ga. App. 312, 313 (257 SE2d 380) (1979). This court recently held in *Rothfuss v. State,* 160 Ga. App. 863, 865 (288 SE2d 579) (1982), that "[t]he sworn information placed before the justice of the peace adequately established the informant's credibility by identifying him as a known law-abiding citizen, a respected businessman in the community, and one who, in the past, had demonstrated a truthful demeanor." Although it may be somewhat less rigidly applied in determining the reliability of a citizen informant where the affiant peace officer seeks to obtain a search warrant based upon the hearsay information provided by the citizen, it is apparent that the method of analysis and standard established by Aguilar-Spinelli still require that the issuing magistrate be informed of particular facts or circumstances supporting the affiant's conclusions and belief that the informant is indeed reliable.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 18, 1983.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellant.
*Harvey J. Kennedy, Jr.,* for appellee.