66023. STEPHENS et al. v. THE STATE.

POPE, Judge.
This is an interlocutory appeal of the trial court's denial of defendants' motion to suppress. The sole issue is whether the affidavit upon which the issuance of the search warrant was based can pass constitutional muster.

"The state has the burden of showing that probable cause existed and that the facts establishing probable cause were presented to the magistrate prior to the issuance of the warrant." *Reddish v. State,* 161 Ga. App. 170 (288 SE2d 266) (1982). When, as here, the issuance of a search warrant is based solely upon the affirmations of probable cause in an affidavit, "the facts recited in the affidavit are determinative of the question." *Lewis v. State,* 126 Ga. App. 123, 127 (190 SE2d 123) (1972). Additionally, when, as also here, the affirmation of the existence of probable cause is based upon information supplied to the affiant by an unnamed informant, the affidavit must set forth sufficient *facts* from which the magistrate or judge can *independently* determine the reliability of both the information and the informant. This, of course, is the venerable Aguilar-Spinelli test. *State v. Jackson,* 166 Ga. App. 671 (1) (305 SE2d 417) (1983); *Shaner v. State,* 153 Ga. App. 694, 696 (266 SE2d 338) (1980).

The affidavit at issue here states that the "affiant received information from a confidential and reliable informant . . . from a second confidential and reliable informant . . . [and] through a third confidential and reliable informant. . . ." The only language in the affidavit bearing upon the reliability of the informants is: "Affiant's informants #1, #2, and #3, have all proven their reliability by affiant's verification of information through personal investigation. Informant #3's information has led to the arrest of [defendant's

alleged accomplice]. . . ." For obvious reasons, the latter statement has no probative value whatsoever. The former statement is also deficient. It clearly provides no *facts* upon which the judge could have *independently* determined the reliability of the informants. There being no facts in the affidavit upon which a finding of reliability of the informants could be based, the information purportedly provided by those informants is entitled to no weight. See *State v. Jackson,* supra, and cases cited therein.

Without this information, the affidavit does not support a finding of probable cause. The state has thus failed to satisfy its burden (*Reddish v. State,* supra) and it necessarily follows that the trial court erred in denying defendants' motion to suppress the fruits of the search.

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1983 —
REHEARING DENIED JULY 12, 1983 — ▮▮▮▮▮▮▮▮

*Daniel F. Byrne, Ansell T. Maund III,* for appellants.
*Arthur E. Mallory III, District Attorney,* for appellee.

`ON MOTION FOR REHEARING.

The state correctly points out in its brief in support of its motion for rehearing that the "venerable Aguilar-Spinelli test," as we called it, ceased to be venerable on June 8, 1983. On that date the United States Supreme Court abandoned the test in Illinois v. Gates, —— U. S. —— (103 SC 2317, 76 LE2d 527) (51 USLW 4709) (1983) and reaffirmed the "totality of the circumstances analysis." 51 USLW at 4716. The court stated: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud(ing)' that probable cause existed. [Cit.] We are convinced that this flexible, easily applied standard will better achieve the accommodation of public and private interests that the Fourth Amendment requires than does the approach that has developed from *Aguilar* and *Spinelli.*" Id.

In the case at bar, we applied the Aguilar-Spinelli test and, finding no facts bearing on the reliability of the informants, we held that "the information purportedly provided by those informants is entitled to no weight" and, because without that information the

affidavit did not support a finding of probable cause, reversed the denial of the motion to suppress. We now reach the same conclusion under the totality of the circumstances approach.

The affidavit filed in support of the search warrant request consists of nineteen paragraphs, which may be summarized as follows: (1) In January, 1982 a "confidential and reliable informant" told the affiant police officer that a certain person was an active drug dealer; (2) affiant's investigation showed that a close relationship existed between this person and defendant; (3) a "second confidential and reliable informant" told the affiant that defendant was an active drug dealer; (4) a "third confidential and reliable informant" told the affiant that defendant and this other person dealt in drugs together; (5) telephone records showed that the two conversed daily; (6) on May 16, 1982 the affiant learned (by some unidentified means) that the other person had just returned from Florida with marijuana in excess of two hundred pounds; (7) on that day the person was seen with defendant at defendant's home; (8) on the next day the third confidential informant told the police that the person "had stored a load of marijuana" and would be ready to start selling the next day; (9) on that next day the person and several others were observed with defendant at defendant's home; (10) and (11) on the following day the police received a tip that the person was to make a sale in LaGrange; (12) and (13) the person stopped by defendant's home while en route to LaGrange; (14) the person made the sale of one pound of marijuana in LaGrange and was arrested; (15) and (16) nine more pounds of marijuana were found in his automobile, as well as other suspected drugs; (17) "affiant's informants # 1, #2, and # 3, have all proven their reliability by affiant's verification of information through personal investigation;" (18) informant # 3's information led to the arrest of the other person; (19) the affiant believes there is probable cause that a search of defendant's home would produce marijuana.

While being mindful that "[a] magistrate's 'determination of probable cause should be paid great deference by reviewing courts' " and that " 'courts should not invalidate ... warrant(s) by interpreting affidavit(s) in a hypertechnical, rather than a commonsense, manner,' " (51 USLW at 4715, quoting from Spinelli), we do not find in the facts of the affidavit here a substantial basis for concluding that there was a "fair probability" that drugs were then on the premises of defendant. See 51 USLW at 4716. At best, the affidavit linked a certain person with drugs and linked defendant with that person.

While the Supreme Court has retreated from the "two-pronged" Aguilar-Spinelli test in Illinois v. Gates, supra, it has by no means

emasculated the Fourth Amendment. Indeed, the court reiterated that "[a]n affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause," and "wholly conclusory statement[s]" will not suffice. 51 USLW at 4716. The affidavit must contain sufficient facts to enable the magistrate to make an independent determination of probable cause based upon those facts and "reasonable inferences" drawn from them. Id. "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." Id. Thus, the same principles which have traditionally constituted the foundation of probable cause determinations continue in force. See id. at 4713-14 and 4716 n. 11; see generally id. at 4713-18. The only difference is that an otherwise sufficient warrant will not be struck down because the affidavit failed to meet one of the Aguilar-Spinelli prongs in isolation.

In looking to the totality of the facts provided in the affidavit at issue, together with the reasonable inferences to be drawn from them, we do not see a substantial basis for concluding that drugs were then on defendant's premises. The suspicion that drugs were there was founded upon defendant's suspected drug activity together with his association with another person who was then believed (correctly so) to be engaging in a drug transaction. Although it was known that defendant's associate was in frequent contact with defendant and was seen at defendant's home several times, and that it was further known or suspected that defendant's associate had stored the drugs somewhere, there is nothing in the affidavit which supports a finding, factually or inferentially, that the drugs were stored at defendant's home. While " 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause' " (id. at 4715, quoting from Spinelli), the affidavit at issue does not show that it was probable that defendant then possessed illegal drugs in his home.

We are mindful that "affidavits 'are normally drafted by nonlawyers in the midst and haste of a criminal investigation' and that '[t]echnical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area.' " Id. at 4715. Nevertheless, the Fourth Amendment demands of the police enough forethought in the preparation of an affidavit to present the facts necessary for a neutral and detached magistrate to independently determine that the likelihood of criminal activity is sufficiently probable to warrant the intrusion by the police into an individual's home, a place reverently guarded by the Constitution.

We adhere to our holding that the police, and thus the state, failed to carry the burden in the case at bar and that the trial court should have suppressed the fruits of the search.

*Judgment adhered to.*