## 66832. KELLER v. THE STATE.

POPE, Judge.

Harry Eugene "Ed" Keller brings this appeal from his convictions on two counts of violating the Georgia Controlled Substances Act and of possession of a firearm by a convicted felon. The subject controlled substances and firearm were obtained by the police as the result of two search warrants (one for appellant's person and one for his truck) issued on the basis of an affidavit of a police officer who had obtained his information from an unnamed informant. Appellant's sole challenge to his convictions is the trial court's denial of his motion to suppress the evidence obtained as a result of the search warrants. His challenge poses three issues for resolution here, all relating to the affidavit upon which the search warrants were issued: (1) the sufficiency of the information to support a finding of probable cause, (2) the staleness of the information, and (3) the reliability of the unnamed informant.

In determining probable cause for the issuance of a search warrant, the task of the issuing magistrate is to make a practical, common sense determination whether, given all the circumstances set forth in the affidavit before him, including the veracity and the basis of the knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. Illinois v. Gates, —— U. S. —— (103 SC 2317, 76 LE2d 527) (1983); *Stephens v. State,* 167 Ga. App. 417, 418 (307 SE2d 9) (1983), on motion for rehearing. The magistrate's determination of probable cause is entitled to great deference by reviewing courts. *Devier v. State,* 247 Ga. 635 (4) (277 SE2d 729) (1981).

The record in this case shows that the only evidence of probable cause before the magistrate was related to him orally by a police officer. The magistrate wrote this information on a piece of paper which was then sworn to by the officer. While this affidavit suffers from some ambiguity, the magistrate was authorized to find that within the past 72 hours the affiant officer had been told by a concerned citizen that the citizen had seen morphine and marijuana in a pickup truck (described in some detail), and within the past 72 hours, appellant had offered to sell the drugs to the citizen. The citizen was described by the officer as a person he had known for six months, as a mature person with a family, regularly employed and a church-goer. Independent investigation by the officer disclosed that appellant was known by the officer's fellow drug agents as one

involved in drug-related activity. Also, the officer was told by a named fellow officer that he had seen appellant's truck and it was as described by the citizen.

Testing the information contained in the affidavit against the foregoing rules of law, we find that the information presented to the magistrate was not stale. See *Shrader v. State,* 159 Ga. App. 522 (1) (284 SE2d 37) (1981). Further, we find the information presented was sufficient to establish the credibility of the citizen informant. See *Shaner v. State,* 153 Ga. App. 694, 698-700 (266 SE2d 338) (1980). Cf. *State v. Jackson,* 166 Ga. App. 671 (305 SE2d 417) (1983). Finally, considering all the facts presented in the affidavit in a common sense manner, we conclude that the magistrate had a substantial basis for determining that probable cause existed. See *Law v. State,* 165 Ga. App. 687 (1) (302 SE2d 570) (1983); *State v. Babb,* 134 Ga. App. 302 (1) (214 SE2d 397) (1975).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1984.

*Thomas M. Hackel,* for appellant.
*H. Lamar Cole, District Attorney, Greg Jacobs, Assistant District Attorney,* for appellee.