46418. THE STUART-JAMES COMPANY, INC. v. TANNER et al.

(380 SE2d 257)

HUNT, Justice.

We granted The Stuart-James Company, Inc.'s application to appeal the ruling of the superior court affirming the decision of the Department of Labor that it is not exempt from unemployment taxes under the provisions of the Georgia Unemployment Security Act. OCGA Ch. 34-8.

Stuart-James is an investment banking and stock brokerage company, whose salespersons are essentially independent contractors who are compensated, not by salary, but by a share of the commission earned by Stuart-James on the sale of securities.[1]

When the Department of Labor attempted to assess unemployment taxes against it, Stuart-James sought to establish an exemption under OCGA § 34-8-40 (g) of the act, which exempts services performed by an individual for wages which meet the so-called "A, B, C" test. This test refers to the three conditions of employment which must be met in order to qualify for the exemption under this code section. See *Sarah Coventry, Inc. v. Caldwell,* 243 Ga. 429 (254 SE2d 375) (1979). After a hearing, the Department of Labor hearing officer found Stuart-James did not qualify for this exemption, is an "employer" under the act, and is liable for contributions to the Georgia unemployment fund. Because employers of insurance agents and solicitors and real estate agents are specifically exempt from this tax, OCGA § 34-8-40 (o) (11),[2] Stuart-James, on appeal to the superior court, challenged the constitutionality of the act on equal protection grounds. The Fulton Superior Court affirmed the hearing officer's denial of the exemption and held the act constitutional. Stuart-James appeals, challenging only the trial court's ruling that the act does not deny equal protection in exempting independent salespersons such as real estate agents and insurance agents and solicitors, while not exempting securities salespersons. For the reasons given below, we af-

---

[1] Under the federal unemployment law, common law principles of employer-employee and independent contractor are applied to decide whether the company is an "employer" subject to the act's provisions. The Georgia Act does not exempt all independent contractors and commissions are considered "wages" subject to the act. *Sarah Coventry, Inc. v. Caldwell,* 243 Ga. 429 (254 SE2d 375) (1979).

[2] See also OCGA § 34-8-51 (b)(3), exempting commissions paid to real estate salespersons by a broker from the statutory definition of "wages."

firm.

The test for evaluating legislation under an equal protection claim such as that raised by Stuart-James has two prongs: it must be shown first, that the claimant is similarly situated to members of the class who are treated differently from it and second, that such different treatment has no rational basis. The burden of proof rests upon the claimant because the statute is presumptively valid.

> "[T]he Fourteenth Amendment does not deny to states the power to treat different classes of persons in different ways." *Reed v. Reed*, 404 U. S. 71, 75 (92 SC 251, 153, 30 LE2d 225) (1971). An equal protection analysis, therefore, *requires as a "preliminary step" a determination of "whether persons who are similarly situated are subject to disparate treatment." Johnson v. Smith*, 696 F2d 1334, 1336 (11th Cir. 1983). [Emphasis supplied.] . . .

> Where groups are similarly situated "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Center*, 473 U. S. 432 (105 SC 3249, 3254, 87 LE2d 313) (1985) . . . .

*Price v. Tanner*, 855 F2d 820, 822-23 (11th Cir. 1988).

Tanner argues that Stuart-James failed to carry its burden with respect to the "preliminary step," proving that securities salespersons are in fact similarly situated to the real estate and insurance agents who are exempted from the act. 16, 16A AmJur2d 709, 812, Constitutional Law, §§ 251, 749. At the hearing before the Department of Labor hearing officer, Stuart-James presented only one witness. He was an executive vice president of Stuart-James and also held a real estate broker's license. In response to the question, "[i]s there any difference that you know of between the relationship between the real estate salesman and his broker and Stuart-James salesmen and their broker?," the witness responded without any further elaboration, "[n]ot really." Then, as to insurance salespersons, Stuart-James asked the hearing officer to take judicial notice that insurance agents have a relationship with their companies similar to that of real estate agents.[3]

---

[3] This was the only evidence in the record dealing with the activities of real estate and insurance salespersons and the relationship between them and their brokers. As to judicial notice, see OCGA § 24-1-4; *McGraw v. State*, 85 Ga. App. 857 (70 SE2d 141) (1952) (common knowledge).

We hold this evidence, as a matter of law, was insufficient to support Stuart-James' threshold obligation. No evidence was presented upon which a valid comparison could be made among these lines of work. We must conclude, therefore, that Stuart-James has not, in this case, demonstrated that the act denies it the equal protection of the laws.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 22, 1989.

*Hart & Trinen, Donald T. Trinen, Christa D. Taylor, Parker, Hudson, Rainer & Dobbs, Rufus T. Dorsey IV,* for appellant.

*Michael J. Bowers, Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Annette Cowart, William F. Amideo, Assistant Attorneys General,* for appellees.