## S91A1211. DOBBINS v. THE STATE.

(415 SE2d 168)

PER CURIAM.

Three separate indictments were returned against appellant, each alleging commission of various sexual offenses on or before July 1, 1989 and each containing a recidivist count. In the first indictment, appellant was accused of enticing a child for indecent purposes, distributing obscene material, child molestation, aggravated child molestation, aggravated sodomy, and statutory rape. In the second indictment, appellant was accused of child molestation, aggravated sodomy, aggravated child molestation and statutory rape. In the third indictment, appellant was accused of child molestation.

All of the offenses charged involved the same child and arose from three separate incidents; each indictment concerned a particular incident. The jury returned convictions on all of the offenses charged in each indictment. From the first indictment, appellant was sentenced to life imprisonment for the aggravated sodomy and to various terms of years for the other charges in that indictment, all to run concurrently. From the second indictment, appellant was sentenced to life imprisonment for the aggravated sodomy and to various terms of years for the other charges in that indictment. The second sentence of life imprisonment was to run consecutively to the first life sentence but concurrently with the other terms of years to which he was sentenced under that indictment. From the third indictment, appellant was sentenced to a term of ten years to run consecutively with the other sentences imposed. Appellant appeals from these convictions and, for the reasons set forth below, we reverse.

1. Appellant's argument that OCGA § 24-3-16 violates the Equal Protection Clause of the 14th Amendment to the Constitution of the United States is without merit.[1] OCGA § 24-3-16 provides:

A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

There are two prongs to an evaluation of legislation under an equal protection claim such as the one raised by appellant in this action and, as the legislation is presumptively valid, the claimant has

---

[1] Jurisdiction of this case is in the Supreme Court only because appellant challenges the constitutionality of OCGA § 24-3-16.

the burden of proof as to both prongs. Initially, the claimant must establish that he is similarly situated to members of the class who are treated differently from him. Next, the claimant must establish that there is no rational basis for such different treatment. *Stuart-James Co. v. Tanner*, 259 Ga. 289, 290 (380 SE2d 257) (1989).

Here, appellant merely asserts that he is similarly situated to all other criminal and civil litigants and that the legislation in question creates an irrational and arbitrary class of litigants because only persons charged with physical and/or sexual abuse of a child under the age of 14 are subject to the exception. These bare assertions are not enough to overcome the presumptive validity of the statute. 16; 16A AmJur2d 708; 812, Constitutional Law, §§ 251; 749. Accordingly, appellant has not produced sufficient proof to demonstrate that OCGA § 24-3-16 denies him equal protection of the laws.

2. Appellant argues that the trial court erred by overruling his motion to suppress and admitting a tape recording of a telephone conversation between appellant and the alleged victim. Appellant also contends that the trial court erred in admitting a portion of appellant's post-arrest statement to the investigating officer. We agree.

(a) The investigator assigned to the case picked the alleged victim (the "child") up at her home and brought her to the District Attorney's office. Having previously obtained the consent of the child's father to record a telephone conversation between the child and appellant, the investigator attached a recording device, which she had obtained earlier from the sheriff's office, to the telephone in the District Attorney's office that the child would use to call appellant. After discussing with the child what would be said to appellant, the investigator had the child call appellant. All of this was done by the investigator without first securing an investigation warrant as is required by OCGA § 16-11-64.

At the outset of the conversation, appellant asked the child where she was and was told that she was at home. Appellant then asked if the child's brother was also at home and was told that her brother was in the shower. The appellant asked why the police had been at her home earlier and the child told him that her mother had been frightened by a noise and had called the police to investigate. Thereafter, appellant did make several incriminating statements. At trial, the tape recording of that telephone conversation was played and the jurors were also given transcripts of the recording.

The state argues that the child's father consented, on behalf of the child, to having the state record the child's telephone conversation with appellant. As a result of the father's consent, the state urges that it was not necessary for the state to also obtain an investigation warrant pursuant to OCGA § 16-11-64.

The state could not have recorded this conversation on its own

without having first obtained either an investigative warrant pursuant to OCGA § 16-11-64 or a valid consent of a party to the conversation. The evidence shows neither. OCGA § 16-11-67 provides that evidence obtained in a manner which violates any of the provisions of Title 16, Article 3, Part 1, entitled Wiretapping, Eavesdropping, Surveillance, and Related Offenses, is not admissible in evidence. Accordingly, the trial court erred in admitting the recording of the conversation.

(b) Following his arrest, appellant was given *Miranda* warnings and, thereafter, was interrogated, at length, by the investigator on the case. During that interrogation, appellant made no incriminating statements until the investigator informed him that his telephone conversation with the child had been recorded. Those incriminating statements should not have been admitted into evidence as they are the fruit of the recording and are therefore tainted by its illegality. *Wong Sun v. United States*, 371 U. S. 471, 484-485 (83 SC 407, 9 LE2d 441) (1963).

3. Appellant argues that the trial court also erred by overruling his motion to suppress and admitting 60 adult videotapes that were seized from appellant's home. We agree.

After recording the above referenced telephone conversation, the investigator went before a magistrate seeking both an arrest warrant and a search warrant for appellant's home. The investigator's affidavit in support of her request for the search warrant described the property that would be sought as follows:

> certain property and/or materials of a pornographic nature, to-wit, movies, pictures and magazines which are contrary to the laws of the State of Georgia.

The magistrate questioned whether having such tapes was a crime and the investigator informed the magistrate that the child involved had seen the outside cover of a videotape with pictures of "boys and girls" involved in "the sex act." Based upon such additional sworn testimony, the magistrate agreed to issue a search warrant and signed the previously prepared warrant that was presented to him by the investigator. That warrant's description of the property sought was identical to the affidavit's description.

While Georgia law permits an affidavit's assertion of probable cause for the issuance of a search warrant to be supplemented by sworn testimony, we caution that "there are limits beyond which a magistrate may not venture in issuing a warrant." *Illinois v. Gates*, 462 U. S. 213, 239 (103 SC 2317, 76 LE2d 527) (1983). Such an affidavit should contain more than a conclusory statement which gives the magistrate virtually no basis at all for making an independent judgment regarding the existence of probable cause. It should contain

enough information to insure that the magistrate's decision as to the existence of probable cause is not merely a ratification of the conclusion of the officer seeking the warrant. Id.

Assuming that the affidavit involved in this case was sufficient, we turn our attention to the warrant itself. The 4th Amendment to the United States Constitution and Art. I, Sec. I, Par. XIII of Georgia's Constitution require that a search warrant particularly describe the article or articles sought. *Marcus v. Search Warrants of Property,* 367 U. S. 717 (81 SC 1708, 6 LE2d 1127) (1961); *Strauss v. Stynchcombe,* 224 Ga. 859 (165 SE2d 302) (1968). While the degree of the description's specificity is flexible and will vary with the circumstances involved, it cannot leave the determination of what articles fall within the warrant's description and are to be seized entirely to the judgment and opinion of the officer executing the warrant. *Stynchcombe,* 224 Ga. at 866. This is especially true where the article or articles described in the warrant are presumptively protected by the 1st Amendment's guarantee of the freedom of speech as are the videotapes in this case.[2] In *New York v. P. J. Video,* 475 U. S. 868, 873-874 (106 SC 1610, 89 LE2d 871) (1986), the United States Supreme Court reiterated its holding in *Lee Art Theatre v. Virginia,* 392 U. S. 636 (88 SC 2103, 20 LE2d 1313) (1968) by announcing that:

> a warrant authorizing the seizure of materials presumptively protected by the First Amendment may not issue based solely on the conclusory allegations of a police officer that the sought-after materials are obscene, but instead must be supported by affidavits setting forth specific facts in order that the issuing magistrate may "focus searchingly on the question of obscenity." [Cits.]

Here, while the affidavit's description of the sought-after materials was at least questionable, the search warrant's description was so open-ended that the warrant was a general warrant in violation of both the United States and Georgia constitutions. The warrant left the determination of what items were likely to be "of a pornographic nature" entirely to the discretion of the officers executing the warrant and conducting the search. Accord *Lo-Ji Sales v. New York,* 442 U. S. 319 (99 SC 2319, 60 LE2d 920) (1979). As a result, the search warrant used to seize the videotapes was invalid and the tapes should

---

[2] None of the videotapes seized depicted children, therefore, the child's reference to "boys and girls" apparently meant "men and women." We also note that by the child's own testimony, her only contact with the videotapes at issue consisted of appellant's minor granddaughter showing the child where the tapes were located in a box in appellant's bedroom closet and the child glancing momentarily at a television screen where an unidentified video was playing when the child walked into the appellant's bedroom.

have been suppressed as the fruits of an illegal search.[3]

4. Each of the three indictments concerns a separate incident involving appellant and the child. In two of the three indictments, appellant was charged with both aggravated sodomy and aggravated child molestation.[4] The jury found him guilty of two counts of aggravated sodomy and two counts of aggravated child molestation and the trial court sentenced him on two counts of each. Appellant contends that the trial court erred in doing so and we agree.

In reviewing the evidence, it is clear that only two of the three incidents involved an act of sodomy and, in those two incidents, each involved only one act of sodomy. The aggravated child molestation charge and the aggravated sodomy charge in each of the two indictments at issue here were both based upon the same act of sodomy.

OCGA § 16-1-7 (a) provides:

> When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. *He may not, however, be convicted of more than one crime if*: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

(Emphasis supplied.) OCGA § 16-6-2 prohibits sodomy generally while OCGA § 16-6-4 prohibits sodomy involving a child. Accordingly, while it was proper to prosecute appellant in both of the two indictments involved for both aggravated sodomy and aggravated child molestation, he should have been convicted and sentenced under each indictment for only one of the two rather than for both.

5. There was not sufficient evidence to convict appellant of the distribution of obscene materials count. However, viewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found appellant guilty of the remaining crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. All the Justices concur, except Fletcher, J.,*

---

[3] This case is distinguishable from *Tyler v. State*, 176 Ga. App. 96 (335 SE2d 691) (1985) because, in *Tyler*, the affidavit upon which the warrant was based contained a more detailed description of the items to be seized than did the warrant's direction to seize "pornographic material which is in violation of Georgia law." Further, in *Tyler*, the issue of whether or not the items seized were obscene was not presented. In the present case, appellant was charged with and convicted of distribution of obscene materials.

[4] Aggravated child molestation is defined by OCGA § 16-6-4 (c) as an act of child molestation which "physically injures the child or involves an act of sodomy." As the child involved in this action was not physically injured, the aggravation involved in the two aggravated child molestation charges can only have been the involvement of an act of sodomy.

*who concurs specially as to Division 2 (a); Hunt and Benham, JJ.,
who dissent; Sears-Collins, J., not participating.*

FLETCHER, Justice, concurring specially as to Division 2 (a).

I agree with the result reached by Division 2 (a) of the majority opinion, however, I do so for different reasons.

On appeal, the state argued that Georgia law does not prohibit a party to a telephone conversation from recording that conversation without the consent of the other party to the conversation, that the child's father had consented to the state recording the conversation, and that, accordingly, the state was authorized, by Georgia law, to record the conversation without a warrant. The state seems to be unaware that there is a difference between a party to a conversation recording that conversation and the state recording that same conversation with the consent of one of the parties to the conversation.

OCGA § 16-11-62 (1) provides that:

> It shall be unlawful for . . . [a]ny person in a clandestine manner intentionally to overhear, transmit, **or record** or attempt to overhear, transmit, or record the private conversation of another which shall originate in any private place. . . .[5]

(Emphasis supplied.) OCGA § 16-11-66 provides two exceptions to OCGA § 16-11-62 (1)'s prohibitions. The first exception enables a conversation or message to be intercepted, recorded, and divulged when **both** parties thereto expressly or impliedly consent. The second exception enables a conversation or message to be intercepted, recorded and divulged when it was "initiated or instigated by a person and . . . constitutes the commission of a crime or is directly in the furtherance of a crime, provided at least one party thereto consents." OCGA § 16-11-66. The only other exception to the prohibitions of OCGA § 16-11-62 (1) are found in OCGA § 16-11-64 which concerns interception by law enforcement officers pursuant to an investigative

---

[5] The legislative intent behind Georgia's statute governing wiretapping, eavesdropping, surveillance, and related offenses was expressed by the General Assembly as follows:

It is the public policy of this State and the purpose and intent of this Chapter to protect the citizens of this State from invasions upon their privacy. This Chapter shall be construed in light of this expressed policy and purpose. The employment of devices which would permit the clandestine overhearing, recording or transmitting of conversations or observing of activities which occur in a private place has come to be a threat to an individual's right of privacy and, therefore, should be prohibited. It is further the purpose of this Chapter to provide to authorized law enforcement officers modern methods of crime detection and prevention under strict procedures and safeguards.

Ga. L. 1967, pp. 845-846.

warrant.

In the present case, because the investigator had not obtained an investigative warrant pursuant to OCGA § 16-11-64, the exception provided by that Code section does not apply. The telephone conversation at issue did not constitute the commission of a crime and was not directly in the furtherance of a crime and, thus, the second consent exception of OCGA § 16-11-66 does not apply. Finally, OCGA § 16-11-66's first consent exception does not apply because appellant had not given his express consent to the interception, recording and divulging of the conversation and his questions at the outset of the conversation with the child seem to rule out any implied consent on appellant's part. Because none of the exceptions to OCGA § 16-11-62 (1) applies in the present case, I too find that the tape recording was inadmissible. Accord *Green v. State*, 250 Ga. 610 (1) (b) (299 SE2d 544) (1983); *Humphrey v. State*, 231 Ga. 855 (4) (204 SE2d 603) (1974); and Judge Evans' special concurrence in *Cross v. State*, 128 Ga. App. 837, 841-843 (198 SE2d 338) (1973).

DECIDED MARCH 6, 1992 —
RECONSIDERATION DENIED APRIL 3, 1992.

*Hatcher, Johnson & Meaney, James A. Meaney III*, for appellant.

*Ralph Van Pelt, Jr., District Attorney, Melodie B. Swartzbaugh, Assistant District Attorney*, for appellee.

