## A93A1820. COOPER v. THE STATE.
(441 SE2d 448)

SMITH, Judge.

Stanley Robert Cooper was convicted by a jury of child molestation, OCGA § 16-6-4. His motion for new trial was denied, and he appeals. His enumerations of error address the trial court's denial of his motion to suppress evidence obtained during a search of his residence pursuant to a warrant.

1. Cooper first contends that the search warrant was invalid because it failed to describe his residence with sufficient particularity. The application and warrant stated in part that the investigating officer had reason to believe that evidence was located "in Montgomery County, Georgia, on the person, premises, or property described as follows . . . Stanley Robert Cooper; W/M; D.O.B. 04-26-55; Residence located at Rt. 1 Box 182B Mt. Vernon, GA. A black and white single wide trailer."

A search warrant must describe the person and premises to be

searched with such particularity as would enable a prudent person executing the warrant to locate the person and premises definitely and with reasonable certainty. It should not leave the executing officer in doubt or require him to exercise discretion. If it points out the place to the exclusion of all others, and leads the officer directly to his destination, it will pass constitutional muster. *Landers v. State*, 183 Ga. App. 691 (1) (359 SE2d 748) (1987). Where the name of the owner or occupant is not given in the warrant, the description of the premises must be exact. Id.

Here Cooper's name, description, and date of birth were stated. The officers drove directly to the residence, and Cooper accompanied them. The officer testified that there was no other black and white single wide mobile home at this address and that it was located at the dead end of a dirt road. Nothing in the record indicates that the officer had any difficulty in driving to the residence, which was identified by the owner's name, the postal address, and a physical description. *State v. Hardin*, 174 Ga. App. 83, 84 (329 SE2d 172) (1985).

*Vaughn v. State*, 141 Ga. App. 453 (233 SE2d 848) (1977), cited by Cooper, is inapposite here. In *Vaughn*, the affidavit and warrant did not state the county in which the premises were located, gave no mailing address or rural route number, and gave directions based on proximity to a named road, even though there were three roads of that name, one of which ran into another county. Id. at 454-455. Here the officer's affidavit and the warrant specifically identified Montgomery County as the location and gave a rural route and box number. See *Miller v. State*, 155 Ga. App. 399, 401 (I) (B) (270 SE2d 822) (1980) (distinguishing *Vaughn* where the county of defendant's residence was identified in the affidavit and was known to the magistrate). Although the officer could not recall whether the box number appeared on the mailbox at the residence, there is no testimony on the record showing that the address was incorrect. See *Wells v. State*, 196 Ga. App. 133, 134 (1) (395 SE2d 296) (1990) (where no testimony showed an address was incorrect, the trial court did not abuse its discretion in denying a motion to suppress). The trial court did not abuse its discretion in denying the motion to suppress on this ground.

2. Cooper also contends that the search warrant fails because it did not sufficiently describe the materials sought, and because there was no basis for their seizure under OCGA § 17-5-21. The same contentions were considered and rejected in *Tyler v. State*, 176 Ga. App. 96 (1) (335 SE2d 691) (1985). The material seized was specifically identified by the victim and her brother as photographs and videotapes that were shown to the victim in furtherance of the criminal offense, and the location of the material was described in detail by the victim and her brother. The items described in the warrant were "used in connection with the offense" under OCGA § 17-5-21 (a) (1).

The affidavit specifically described the material sought as "[a]ny video tape showing males/females involved in sexual intercourse or any sexual act" and "[a]ny magazine that shows nude males/females posing/involved in any sexual act." *Dobbins v. State*, 262 Ga. 161 (415 SE2d 168) (1992) is inapposite both because the defendant in *Dobbins* was charged with and convicted of distribution of obscene materials and because the materials in *Dobbins* were not identified in the affidavit as used in connection with the offense charged. "When circumstances make an exact description of instrumentalities, a virtual impossibility, the searching officer can only be expected to describe the generic class of items he is seeking." (Citations and punctuation omitted.) *Tyler*, supra at 97. The descriptions in the affidavit and warrant were sufficient, and Cooper's second enumeration of error is without merit.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 11, 1994.

*Straughan & Straughan, William T. Straughan*, for appellant.
*James L. Wiggins, District Attorney, Timothy G. Vaughn, Russell P. Spivey, Assistant District Attorneys*, for appellee.