27364.   ST. JOSEPH HOSPITAL OF AUGUSTA
v. BOHLER et al.

ARGUED SEPTEMBER 11, 1972—DECIDED OCTOBER 5, 1972—
REHEARING DENIED OCTOBER 23, 1972.

*Sanders, Hester, Holley, Ashmore & Boozer, J. Carlisle Overstreet, Glenn B. Hester,* for appellant.
*Franklin H. Pierce,* for appellees.
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Gary B. Andrews, Assistant Attorneys General,* amicus curiae.

GRICE, Presiding Justice. At issue here is whether a hospital is exempt from ad valorem taxation as an institution

of "purely public charity" under Article VII, Section I, Paragraph IV of the Georgia Constitution (*Code Ann.* § 2-5404).

St. Joseph Hospital filed in the Superior Court of Richmond County a complaint for declaratory judgment in regard to its tax status against Charles S. Bohler, Jr., and various other named officials of the county government who are responsible for its ad valorem tax system.

The following uncontested facts were established by verified complaint and affidavit of the hospital administrator.

St. Joseph Hospital is a private, non-profit, charitable institution located in Richmond County, Georgia, and incorporated under the laws of this state. It is sponsored by the Sisters of St. Joseph of Carandolet, a religious and charitable society whose "charitable concept is not directed mainly toward the lowest economic strata, those people completely destitute and without means of any sort, because it is considered in this instance that the needs of this class are being met and supplied in substantial measure by programs of the State and Federal Governments and by other religious and charitable organizations. The [society's] concept is to lend assistance to society and community which have limited resources, and in this specific instance, insufficient resources to maintain a comfortable, adequate, and dignified medical center for the public of the Augusta-Richmond County area. The people who directly benefit are not destitute people directly; they are responsible citizens, who, because of inflation, inadequate pensions or retirement provisions, misfortune or other cases, face an insecure or financially insufficient position to provide adequate medical facilities . . ."

The hospital was established in 1948 when there was a great need in the area for such facilities and it will continue at all times in the future to effectuate its charitable purpose. This is set out in its charter which states that it is "chartered as a charitable institution and not for individual pecuniary gain for the establishment, maintenance and support of a hospital, at which both charity and pay patients shall be received, the income from the pay patients

to be used to extend the charity work, but no profits or dividends shall ever come to the corporators or their associates or successors."

The hospital is available to anyone who needs medical attention in the area. Facilities are also available on an out-patient basis and an emergency room which is open at all times to the general public. The costs of all services are borne by the patients who are encouraged to pay and support the hospital. All money taken in is used to defray operating expenses and any surplus taken in is fed back to the general operating expenses to allow for improvement and updating of the present medical facilities, as set out in the charter. No surplus will be available at the end of the 1971-1972 fiscal year.

Prior to 1971 the hospital had never been taxed but it received a tax bill from the appellees in a stated amount for the year 1972. It asserts that it is exempt from such tax under Art. VII, Sec. I, Par. IV of the Georgia Constitution (*Code Ann.* § 2-5404) and *Code Ann.* § 92-201 (Ga. L. 1965, pp. 182, 183); and that its status is uncertain since there is no adequate remedy at law or in equity.

The prayers were that the appellant's property be declared exempt; that any acts on the part of the appellees to collect such tax be declared illegal; and that the appellees be enjoined from its collection.

The appellees generally denied the appellant's contentions and interpretation of the law and moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

After a hearing the superior court entered an order denying the exemption from ad valorem taxes and injunctive relief, which stated in essential part that the hospital, "according to the record, was not chartered as a purely public charity, the use of its property is not put to purely public charity, and neither its income nor its surplus is used exclusively for purely public charity. Therefore, it does not bring itself within the strict requirements for the ad valorem tax exemption sought."

We agree.

Application of the principles and tests enunciated by this court in regard to qualification as an institution of "purely public charity" to the facts of this case amply supports the finding of the trial court. This court has dealt with this subject many times and no reiteration here is necessary. See *United Hospitals Service Assn. v. Fulton County,* 216 Ga. 30 (114 SE2d 524); *Georgia Osteopathic Hospital v. Alford,* 217 Ga. 663 (124 SE2d 402); *Camp v. Fulton County Medical Society,* 219 Ga. 602 (135 SE2d 277) (two Justices dissenting).

Accordingly, the judgment is

*Affirmed. All the Justices concur.*