33729, 33730. CITY OF ATLANTA v. SPENCE et al.; and vice versa.

JORDAN, Justice.

These appeals are from an order continuing in effect a restraining order and declaring Code Ann. § 92-201.7 (Ga. L. 1976, p. 639) constitutional, posing the question of the taxability of approximately 10,000 acres of land owned by the City of Atlanta in Paulding County.

The City of Atlanta brought a complaint against tax officials and the Sheriff of Paulding County, alleging: The city owns real property in Paulding County, which is held for public purposes. The city has been informed by the tax commissioner that the property has been assessed for 1977 ad valorem taxes. Due and legal notice of the assessment has not been given. The sheriff intends to levy

a tax execution on the city's property. The Paulding officials are acting pursuant to Ga. L. 1976, p. 639 (Code Ann. § 92-201.7), and this Act is unconstitutional. Injunctive and declaratory relief was prayed. A temporary restraining order was granted.

After a hearing, the trial judge held that Code Ann. § 92-201.7 is constitutional, and the property of the city in Paulding County subject to ad valorem taxation. The restraining order was continued in effect until such time as the Paulding County Board of Tax Assessors assesses the property of the city in accordance with Code Ann. § 92-6911 (Ga. L. 1971, p. 33, as amended), with such assessment providing an exemption for 300 acres of the property, the remainder being valued uniformly with other property of the same class, and the city having the right of review contained in Code Ann. § 92-6912 (Ga. L. 1972, pp. 1094, 1095, as amended).

In Case No. 33729 the city enumerates as error the holding that Code Ann. § 92-201.7 is constitutional, and the property of the city in Paulding County subject to ad valorem taxation.

In Case No. 33730 the tax officials of Paulding County enumerate as error: the holding that the city has standing to raise the constitutional issues; the finding that the city acquired the property for use as a major commercial airport; the holding that the tax commissioner did not have authority to make the assessment of the property for taxation; the holding that any assessment must provide an exemption for 300 acres of the property; and the allowance of affidavits in evidence at the hearing.

1. In considering the constitutionality of Code Ann. § 92-201.7, we must first consider the tax officials' contention that the city has no standing to raise the constitutional issues.

A county or municipal corporation, created by the legislature, does not have standing to invoke the equal protection and due process clauses of the State or Federal Constitution in opposition to the will of its creator. *Hammond v. Clark,* 136 Ga. 313 (11) (71 SE 479) (1911); *Ellington Co. v. City of Macon,* 177 Ga. 541 (1) (170 SE 813) (1933); *Bibb County v. Hancock,* 211 Ga. 429 (3) (86

SE2d 511) (1955). This does not mean that the city does not have standing to raise other constitutional questions concerning the statute attacked by them.

2. The Constitution, Art. VII, Sec. I, Par. IV (Code Ann. § 2-4604), provides that the General Assembly "may, by law, exempt from taxation all public property; . . ." This constitutional provision is implemented by Code § 92-201. Code § 92-201 was amended by Ga. L. 1976, p. 639 (Code Ann. § 92-201.7) as follows: "Notwithstanding the provisions of section 92-201 to the contrary, all public real property which is owned by a political subdivision of this State and which is situated outside the territorial limits of the political subdivision shall not be exempt from ad valorem taxation: Provided, however, the foregoing shall not apply to any public real· property which: (1) is developed by grading or other improvements to the extent of at least 25 per cent. of the total land area and on which are located facilities which are actively used for a public or governmental purpose or (2) is 300 acres or less in area or (3) if owned by a municipality, is located inside the county embracing all or part of said municipality or (4) that portion of any real property which has been designated as a watershed by the United States Soil and Water Conservation Service and used as such by the political subdivision owning such property."

It is asserted by the city that under the quoted constitutional provision the General Assembly may exempt *all* public property from ad valorem taxation, but that it does not have authority to exempt *some* public property from taxation.

The city cites *Brandywine Townhouses, Inc. v. Joint City-County Bd. of Tax Assessors,* 231 Ga. 585 (203 SE2d 222) (1974), which held an Act to be unconstitutional as an enlargement on the constitutional grant of homestead exemptions. It was held that the General Assembly could not go beyond the limits of the constitutional provision in granting homestead exemptions. That case is not in point here. In the statute attacked in the present case the General Assembly has stayed within the limits of the constitutional authorization to exempt all public property. The General Assembly may exempt some public property and refuse to exempt other public property. "The

power to exempt from the burden of taxation necessarily implies the power to impose such taxes." *Wright v. Fulton County,* 169 Ga. 354, 362 (150 SE 262) (1929).

There is no merit in this attack on the constitutionality of Code Ann. § 92-201.7.

3. The city contends that Code Ann. § 92-201.7 violates the Constitution, Art. VII, Sec. I, Par. III (Code Ann. § 2-4603), which requires that all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. The city contends that the exemption of 300 acres or less from the provision for taxation of public real property owned by a city outside its territorial limits is an arbitrary classification of property for taxation.

The quantity of land held by a city in a county which contains no part of the city has a reasonable relationship to the right of the county to subject the land to taxation, since the finances of the county could be adversely affected by large quantities of tax exempt land within its boundaries. While the difference between 300 acres and 301 acres might appear to be arbitrary, there must be some limit of acreage in order to classify a smaller tract from a larger tract. This classification does not offend the uniformity of taxes clause of the Constitution.

The judgment is affirmed as to the holding that Code Ann. § 92-201.7 is not subject to the constitutional attacks made by the city.

4. The trial judge correctly found that the city was not properly notified of the 1977 assessment for ad valorem taxes by Paulding County. Whether or not the tax commissioner had authority under former Code § 92-6601 to make an assessment, that section was repealed by Ga. L. 1977, p. 296. Since a new assessment must be made, the trial judge did not err in directing the Paulding County Board of Tax Assessors to assess the property of the city.

5. We agree with the Paulding County officials that Code Ann. § 92-201.7 does not exempt 300 acres of a larger tract of land. The trial judge erred in directing that the Paulding County Board of Tax Assessors provide an exemption for 300 acres of the city's real property of approximately 10,000 acres in Paulding County.

Other questions made by the Paulding officials are moot under the foregoing rulings.

The judgment is affirmed except for the direction to exempt 300 acres of the property of the city.

*Judgment affirmed in Case No. 33729; affirmed in part and reversed in part in Case No. 33730. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED JUNE 20, 1978 — DECIDED SEPTEMBER 6, 1978 — REHEARING DENIED SEPTEMBER 26, 1978.

*Ferrin Y. Mathews, Charles M. Lokey, J. M. Harris, Jr.,* for appellant (Case No. 33729).

*Thomas C. Sanders, Arthur K. Bolton, Attorney General,* for appellees (Case No. 33729).

*Thomas C. Sanders,* for appellants (Case No. 33730).

*Ferrin Y. Mathews, Charles M. Lokey, J. M. Harris, Jr., Arthur K. Bolton, Attorney General,* for appellee (Case No. 33730).