## 33581. ANNANDALE AT SUWANEE, INC. v. GWINNETT COUNTY BOARD OF TAX ASSESSORS.

HALL, Justice.

"Institutions of purely public charity" are exempt from taxation. Code Ann. § 92-201. Appellant Annandale at Suwanee is a nonprofit corporation which has established a home for mentally handicapped persons on approximately 100 acres in Gwinnett County. The trial court, on an appeal from the Board of Equalization, held that appellant was not a "purely public charity" and was not, therefore, entitled to property tax exemption. We affirm.

Claims for tax exemption are construed in favor of the state and against the taxpayer. *Johnson v. Wormsloe Foundation,* 228 Ga. 722 (187 SE2d 682) (1972). Although Annandale at Suwanee clearly has a benevolent purpose, it falls short of being an institution of purely public charity.

First, Annandale at Suwanee has 29 residents. The monthly fee of $625 per resident is met in the majority of cases by payments from various government agencies and the families of the residents. Thus, over seventy percent of the operating costs of Annandale at Suwanee come from the government or client fees. Private donations account

for only fifteen percent of the expenditures of the home. Although testimony indicated that no one for financial reasons had been turned away from Annandale at Suwanee, the director also admitted that many families were probably discouraged by the $625 per month charge. Since the families of residents or government agencies on their behalf pay monthly for each resident, Annandale at Suwanee is not sufficiently "public" in nature. *St. Joseph Hospital of Augusta v. Bohler,* 229 Ga. 577 (193 SE2d 603) (1972).

Appellant has relied heavily upon the Court of Appeals decisions in *Central Bd. on Care of Jewish Aged v. Henson,* 120 Ga. App. 627 (171 SE2d 747) (1969) and *Peachtree on Peachtree Inn v. Camp,* 120 Ga. App. 403 (170 SE2d 709) (1969). We note that both these facilities were for care of the elderly and are now subject to a specific statutory exemption. Code Ann. § 92-201.8. Further, 85 percent of the residents of Peachtree Inn had incomes below the poverty line for persons of their age. Similarly, in the home provided by the Board for Care of the Jewish Aged, eleven of the 61 residents paid no part of the $450 per month charge, and about fifty percent of the residents paid less than $100 per month. These cases are thus distinguishable from that of Annandale at Suwanee.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 30, 1978 — DECIDED SEPTEMBER 27, 1978.

*Hatcher, Meyerson & Irvin, Stanley P. Meyerson,* for appellant.

*James A. Henderson,* for appellee.