76568. CITY OF ATLANTA v. CLAYTON COUNTY BOARD OF TAX ASSESSORS.
(375 SE2d 75)

POPE, Judge.

The City of Atlanta appeals from a judgment of the trial court holding that a parcel of land it previously owned in Clayton County was not, at the time the city owned it, exempt from ad valorem taxation pursuant to OCGA § 48-5-41 (a) (1) (B) (i) or (ii). We agree that the land was not tax exempt and affirm the trial court's decision.

The operative facts in this case were stipulated by the parties. The land in question was previously a residential neighborhood. When it was purchased by the city, the dwellings were removed or

destroyed and the land is now vacant. The land is located wholly outside the territorial limits of the city and wholly within Clayton County. It is less than 300 acres in area. The city also owns another parcel of land within Clayton County in excess of 300 acres on which the city operates Hartsfield International Airport. At least twenty-five percent of the separate parcel on which the airport is located is developed by grading or other improvements. Facilities are located on the airport land which are actively used for public purposes. However, the land in question is separated from the airport land by Interstate Highway 75. The city admits this is a discrete tract of land which bears no functional relationship to the airport. A portion of the land in question was sold by the city to a private developer in 1986 and is now subject to ad valorem taxation. The trial court ruled that the land was also subject to taxation during the period it was owned by the city because it was not exempt from taxation pursuant to OCGA § 48-5-41 (a).

Generally, public property is exempt from ad valorem taxation. OCGA § 48-5-41 (a) (1) (A). However, an exception exists for property owned by one political subdivision located outside its own territorial limits. OCGA § 48-5-41 (a) (1) (B). Even land owned by one political subdivision within the territorial limits of another is exempt under certain circumstances. OCGA § 48-5-41 (a) (1) (B) provides, in pertinent part, that "[n]o public real property which is owned by a political subdivision of this state and which is situated outside the territorial limits of the political subdivision shall be exempt from ad valorem taxation unless the property is: (i) Developed by grading or other improvements to the extent of at least 25 percent of the total land area and facilities are located on the property which are actively used for a public or governmental purpose; [or] (ii) Three hundred acres or less in area . . . ." In the case at hand, the particular tract of land in question is less than 300 acres in area. However, the city owns a total of far more than 300 acres of land in Clayton County. The threshold issue in this case is whether the tax exemption provided by OCGA § 48-5-41 (a) (1) (B) (ii) refers to total acreage owned by one political subdivision inside another or whether it refers to the size of the individual tract of land under consideration, regardless of total acreage held by the owner.

In *City of Atlanta v. Spence*, 242 Ga. 194 (249 SE2d 554) (1978), the Georgia Supreme Court upheld the constitutionality of the statute subjecting public land greater than 300 acres to taxation while exempting land of 300 acres or less. The court found that the quantity of land held by another political subdivision was a reasonable basis on which to distinguish between taxable and tax exempt land, "since the finances of the county could be adversely affected by large quantities of tax exempt land within its boundaries." Id. at 197. The

concern for the adverse impact upon public finances is equally applicable whether the property to be removed from the tax digest is held in one tract or many. We interpret OCGA § 48-5-41 to require the total quantity of land owned within the territory to be aggregated for purposes of determining whether it amounts to 300 acres or less. It is the total amount of land owned by one political subdivision in the territory of another that determines the tax exempt status of the land. Cf. *City of Atlanta v. Spence*, supra at (5) (in which the Georgia Supreme Court ruled the statute in question does not exempt 300 acres of a tract totaling more than 300 acres). To hold otherwise would permit one political subdivision to remove substantially all the property tax revenue from another political subdivision so long as it purchased property in separate tracts of 300 acres or less.

Since the City is not entitled to a tax exemption for owning 300 acres or less of land, the only exemption provided by OCGA § 48-5-41 that might apply to the property is that contained in subsection (a) (1) (B) (i), which exempts "developed" property on which "facilities are located . . . which are actively used for public or governmental purpose . . . ." Tax exemptions are strictly construed in favor of the taxing authority. E.g., *Annandale at Suwanee v. Gwinnett County Bd. of Tax Assessors*, 242 Ga. 241 (248 SE2d 640) (1978); *Leggett v. Macon Baptist Assoc.*, 232 Ga. 27 (205 SE2d 197) (1974). For this reason, for purposes of applying the exemption provided by subsection (a) (1) (B) (ii), we considered the parcel in question in combination with all other property owned in the territory of the taxing authority. See above. However, for purposes of applying the exemption provided by subsection (a) (1) (B) (i), the parcel in question is considered separately from the whole. See *Clayton County Bd. of Tax Assessors v. City of Atlanta*, 164 Ga. App. 864 (298 SE2d 544) (1982).

In *Clayton County Bd. of Tax Assessors*, a small portion of the larger airport complex was held not to be tax exempt because the parcel was leased to a private entity and the lease was found not to be for a public purpose. Id. at (3). In the case at hand, the parties have stipulated that the land in question is vacant. Even if it was being held for a public purpose, the land was not developed and contained no facilities actively used for a public purpose, as required by subsection (a) (1) (B) (i). Therefore, the land in question was not exempt from taxation.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 12, 1988 —
REHEARING DENIED OCTOBER 28, 1988 — 

*Marva Jones Brooks, Joe M. Harris, Jeff S. Klein, Michael L. Smith*, for appellant.

*Donald M. Comer*, for appellee.