A95A0454. ZACH, INC. v. FULTON COUNTY et al.
(457 SE2d 574)

POPE, Presiding Judge.

Zach, Inc. is a private non-profit corporation which owns property used as a fraternity house on the Georgia Tech campus. Zach brought this action seeking (1) a judicial determination that its fraternity house is exempt from ad valorem property taxation, and (2) a refund of property taxes paid on the fraternity house since 1989. The trial court denied Zach's motion for summary judgment, but certified its ruling for immediate review. We granted Zach's application for interlocutory review and now affirm.

Pursuant to OCGA § 48-5-41 (a) (6), "[a]ll buildings erected for and used as a college" are exempt from ad valorem property taxation. In *Alford v. Emory Univ.,* 216 Ga. 391, 395 (3) (116 SE2d 596) (1960), the Supreme Court held that fraternity houses owned by a university were " 'buildings erected for and used as a college' " for purposes of § 48-5-41 (a) (6), and thus were exempt from property taxation. The Court extended the *Alford* holding in *Johnson v. Southern Greek Housing Corp.,* 251 Ga. 544 (307 SE2d 491) (1983), ruling that fraternity houses were exempt under this subsection even if they were not actually owned by the college, but were instead owned by a non-profit corporation created by the college as an "arm and extension" of the college. See id. at 545.

Zach argues that the use of the property as a fraternity house was the determinative factor in these cases, so that any non-profit corporation owning a fraternity house should be able to rely on OCGA § 48-5-41 (a) (6) for a property tax exemption, regardless of the corporation's relationship or lack of relationship with the college or university. However, "[t]axation . . . is the rule, and exemption from taxation the exception. [Cits.] . . . Exemption, being the exception to the general rule, is not favored; but every exemption, to be valid, must be expressed in clear and unambiguous terms, and, when found to exist, the enactment by which it is given will not be enlarged by construction, but, on the contrary, will be strictly construed. [Cits.]" *Mundy v. Van Hoose,* 104 Ga. 292, 297 (30 SE 783) (1898). *Johnson* itself was a four-to-three decision over a vehemently persuasive dissent, and we believe it took the exemption for fraternity houses under OCGA § 48-5-41 (a) (6) to its limits. We therefore decline Zach's invitation to extend the holdings of *Alford* and *Johnson* further. Although use of the property is crucial in determining whether an exemption applies, it is clear that not all properties used to lodge and

feed students can be "buildings erected for and used as a college" within the meaning of OCGA § 48-5-41 (a) (6); ownership of the property by either the college or an "arm and extension" of the college is also crucial.

Contrary to Zach's assertion, "arm and extension" of the college is not a meaningless phrase. Rather, the phrase describes an organization which, like the property owner in *Johnson*, was created by the college and is run by members of the college community. Zach, on the other hand, was created by the national fraternity and is run by a board comprised of individuals from outside the college community.

Accordingly, since Zach did not establish that it is an "arm or extension" of the college, evidence that it uses its property in the same way the property owner in *Johnson* used its property could not establish that it is tax exempt under OCGA § 48-5-41 (a) (6).

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED APRIL 11, 1995 —
RECONSIDERATION DENIED APRIL 25, 1995 — 

*Bodker, Ramsey & Andrews, Stephen C. Andrews, David J. Maslia,* for appellant.

*Bernard R. Thomas, Sr., Joiava Thomas, Webb & Daniel, Harold T. Daniel, Jr., Holland & Knight, Joseph D. Young,* for appellees.