## A98A2362. ZACH, INC. v. FULTON COUNTY et al.

(509 SE2d 746)

Judge Harold R. Banke.

This is the third appearance of this property tax challenge before this Court. Zach, Inc. and 16 other non-profit fraternal organizations located within the boundaries of Georgia Institute of Technology sued Fulton County, the City of Atlanta, and the Tax Commissioner of Fulton County (collectively "Fulton County") seeking property tax exemptions and tax refunds under OCGA § 48-5-41 (a) (6). That statute provides an exemption from all ad valorem property taxes for: "[a]ll buildings erected for and used as a college, incorporated academy, or other seminary of learning." OCGA § 48-5-41 (a) (6).

In the first case, we found that Zach was not entitled to summary judgment because it did not fall within the ambit of OCGA § 48-5-41 (a) (6). *Zach, Inc. v. Fulton County*, 217 Ga. App. 315 (457 SE2d 574) (1995). We determined that where non-profit property is neither owned by the college nor is an "arm and extension" of the college, then no ad valorem property tax exemption arises. Id. at 316; see *Johnson v. Southern Greek Housing Auth. Corp.*, 251 Ga. 544 (307 SE2d 491) (1983).

In the second case, we affirmed summary judgment in favor of Fulton County. *Zach, Inc. v. Fulton County*, 226 Ga. App. 842 (487 SE2d 602) (1997). We explicitly found that the record proved that Zach was not an "arm or extension" of Georgia Tech but was an entity created by a national fraternity and run by a board comprised of individuals from outside the college community.

After return of the remittitur, the trial court considered and rejected the equal protection challenge Zach raised in its renewed motion for summary judgment. In the instant appeal, Zach controverts the rejection of its equal protection argument and contests the grant of Fulton County's motion for summary judgment and the denial of its motion for the same.[1] *Held*:

1. Zach contends that OCGA § 48-5-41 (a) (6) is unconstitutional as applied because some Georgia Tech fraternities and sororities which use their properties in an identical manner receive tax exemptions. This results, according to Zach, in disparate treatment violative of equal protection under both state and federal constitutions.

An equal protection analysis considers: first, whether the claimant is similarly situated to members of the class who are treated differently from it and second, whether such different treatment has a

---

[1] Finding that the equal protection issue involved "merely the application of OCGA § 48-5-41 (a) (6)" and not a constitutional construction or a constitutional challenge to the law itself, the Supreme Court transferred this case. *Atlanta Independent School System v. City of Atlanta*, 266 Ga. 657 (1) (469 SE2d 22) (1996).

rational basis. *Stuart-James Co. v. Tanner*, 259 Ga. 289, 290 (380 SE2d 257) (1989). Zach bore the burden of showing the statute was unconstitutional as applied. Id.

Here, Zach failed to satisfy either prong. It is undisputed that the other Greek letter organizations receiving tax exemptions are not similarly situated because they, unlike Zach, are located on real property belonging to Georgia Tech. Since Georgia Tech is a "college," its property fits squarely within the express language of OCGA § 48-5-41 (a) (6). Zach, on the other hand, is not a "college" but a private corporation operating the ZBT fraternity on land Zach owns in fee simple.

Further, under rational basis analysis, the classification must bear a rational relationship to a legitimate end of government not prohibited by the Constitution. *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 658 (1) (437 SE2d 308) (1993). As a general rule, public property is exempt from ad valorem taxation. OCGA § 48-5-41 (a) (1) (A). In exercising its constitutional prerogative to control taxation, the legislature was entitled to exclude state property from local taxation. Ga. Const. of 1983, Art. VII, Sec. I, Par. I; see *Rogers v. DeKalb County &c. Tax Assessors*, 247 Ga. 726, 729 (2) (279 SE2d 223) (1981) (federal equal protection clause affords wide discretion to states to exercise inherent revenue powers).

Notwithstanding Zach's argument to the contrary, *Johnson* did not hold that property used as college-sanctioned fraternities or sororities is exempt from ad valorem taxation. On the contrary, it was the "actual use of the property *by the institution*" that controlled the outcome of *Johnson*. (Emphasis supplied.) *Johnson*, 251 Ga. at 546. In *Johnson*, the property user, the Southern Greek Housing Corporation ("SGHC"), was not a national fraternal organization but an entity created for the limited purpose of serving Georgia Southern College. In fact, SGHC's charter, as well as the recorded restrictive covenants pertaining to the land being used, provided that SGHC was "an arm and extension of the College, and [could not] exist outside of its purpose of supplementing the educational processes of Georgia Southern College." Id. at 545. The Supreme Court found that despite the fact that the property was not titled in the name of Georgia Southern College, the buildings had been "erected for and used as a college" within the meaning of OCGA § 48-5-41 (a) (6). See *Alford v. Emory Univ.*, 216 Ga. 391, 398 (116 SE2d 596) (1960).

Zach's "identical use" argument overlooks the crucial fact that under the holding of *Johnson*, supra, the use must be by Georgia Tech or an arm and extension thereof. Because Zach is bound by our previous holdings that its building was not "erected for and used as a college" within the meaning of *Johnson*, supra, and that Zach is not an "arm or extension" of Georgia Tech, it is foreclosed from claiming

otherwise. *Zach, Inc.*, 217 Ga. App. at 316.

2. Zach was not entitled to summary judgment. Since taxation is the rule and exemption the exception, taxation statutes must be strictly construed. *Leggett v. Macon Baptist Assn.*, 232 Ga. 27, 28 (205 SE2d 197) (1974). An exemption cannot be conferred unless it is clearly and distinctly shown that it was intended by the legislature. *Gold Kist v. Jones*, 231 Ga. 881, 885 (204 SE2d 584) (1974); see, e.g., *Mu Beta Chapter Chi Omega House Corp. v. Davison*, 192 Ga. 124, 128-129 (14 SE2d 744) (1941) (college sorority not an "institution of purely public charity" entitled to exemption). Here, Zach failed to make the requisite showing.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 25, 1998 ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Bodker, Ramsey & Andrews, Stephen C. Andrews, David J. Maslia*, for appellant.

*Clifford E. Hardwick IV, Bernard R. Thomas, Sr., Vernitia A. Shannon*, for appellees.