S99G0459. ZACH, INC. v. FULTON COUNTY et al.

(520 SE2d 899)

CARLEY, Justice.

Zach, Inc. is a non-profit corporation created by a national fraternity for the sole purpose of owning real property, which is surrounded by the campus of the Georgia Institute of Technology (Georgia Tech) and which is used to house fraternity members. Zach filed a property tax challenge, relying on the exemption from ad valorem property taxes for "[a]ll buildings erected for and used as a college, incorporated academy, or other seminary of learning. . . ." OCGA § 48-5-41 (a) (6). In prior appeals related to the issue of taxability vel non, the Court of Appeals, relying upon *Johnson v. Southern Greek Housing Corp.*, 251 Ga. 544 (307 SE2d 491) (1983) and *Alford v. Emory University*, 216 Ga. 391 (116 SE2d 596) (1960), held that the exemption at issue does not apply to the property because it is not owned by Georgia Tech and Zach is not an "arm or extension" thereof. *Zach, Inc. v. Fulton County*, 217 Ga. App. 315 (457 SE2d 574) (1995) (*Zach I*); *Zach, Inc. v. Fulton County*, 226 Ga. App. 842 (487 SE2d 602) (1997) (*Zach II*). However, the Court of Appeals did not address Zach's contention that denial of the application of the exemption to its property violated its right to equal protection, because the trial court did not distinctly pass or rule on that issue. *Zach II*, supra at 843 (On Motion for Reconsideration). Thereafter, Zach filed a "renewed" motion for summary judgment. The trial court rejected the

equal protection challenge and directed the entry of final judgment pursuant to OCGA § 9-11-54 (b). The Court of Appeals affirmed. *Zach, Inc. v. Fulton County*, 235 Ga. App. 478 (509 SE2d 746) (1998) (*Zach III*). We granted certiorari to consider whether the holding that Zach's property is not tax-exempt is consistent with this Court's decisions in *Johnson v. Southern Greek Housing Corp.*, supra, and *Alford v. Emory University*, supra. Because we hold that the educational use exemption from ad valorem property taxes found in OCGA § 48-5-41 (a) (6) applies only to residential property owned by an educational institution or an "arm or extension" thereof, we affirm the judgment of the Court of Appeals.

> With few exceptions the courts have held that college fraternities and sororities are not exempt from taxation, because they exist primarily for the convenience of their members, and are mainly concerned with providing them with board, lodging, and recreation, while any educational, charitable, and benevolent purposes are of secondary importance.

Anno., 66 ALR2d 904-905, § 2. See also 71 AmJur2d, State and Local Taxation, § 377. In this state, it is clear that property used for purely residential purposes does not come within the educational use exemption, even if college students or teachers happen to live there. *Johnson v. Southern Greek Housing Corp.*, supra at 547 (1); *Elder v. Trustees of Atlanta Univ.*, 194 Ga. 716, 720-722 (2) (22 SE2d 515) (1942). The owner, not the residents, constitutes the determinative factor for eligibility for the tax exemption. A residential building may come within the exemption only if there is a sufficient nexus between the property and a legitimate educational institution. *Elder v. Trustees of Atlanta Univ.*, supra at 723 (2). "Thus, it is clear, at least *where the university owns the property*, that residential buildings may be 'used as a college' and qualify for ad valorem tax exemption under OCGA § 48-5-41 (a) (6). . . . [Cits.]" (Emphasis supplied.) *Johnson v. Southern Greek Housing Corp.*, supra at 547 (1). See also *Alford v. Emory Univ.*, supra. "In the absence of a provision to the contrary, it is ordinarily essential to exemption that the property should be owned by the educational institution." 84 CJS, Taxation, § 287 (a). The title to the residential property in *Johnson* was not formally in the college's name, but the nonprofit corporate owner was an arm and extension of the college and performed an educational function in conjunction with and under the auspices of the college. *Johnson v. Southern Greek Housing Corp.*, supra at 547 (1). Therefore, the *Johnson* decision reaches the outer limit of the application of the educational use exemption to residential buildings. If a property has a resi-

dential use, but no direct educational use, then it can only meet the statutory requirement of use "as a college" if the college itself, or at least an arm or extension thereof, owns the property as part of that institution's overall nonprofit educational endeavor. Indeed, OCGA § 48-5-41 (b) refers to the exemption as "apply[ing] to . . . colleges. . . ." See also OCGA § 48-5-41 (d) (which provides that the various exemptions, including subsection (a) (6), "shall not apply to real estate or buildings which are not used for the *operation* of religious, *educational*, and charitable *institutions*." (Emphasis supplied.))

If ownership by an educational institution or arm thereof were not the decisive factor in eligibility for the educational use exemption, then any entrepreneur could claim the exemption, so long as he provided some service or had another connection, however attenuated, to a few students or teachers. Furthermore, the exemption would effectively become in personam, and the owner could repeatedly lose and regain it based upon the actions of the educational institution. For example, Zach's entitlement to the educational use exemption would anomalously depend upon whether Georgia Tech continues or withdraws its official recognition of the fraternity. Such consequences are inconsistent with the statutory scheme of the property tax exemption, which applies unconditionally to property that is "used as a college," rather than to property only so long as it continues to be used by a fraternity in good standing with a nearby educational institution.

Zach exists solely to own and operate a fraternity house in proximity to the Georgia Tech campus. Its articles of incorporation do not mention education, but list recreation and pleasure as its purposes. Zach does not contend that it is an arm or extension of Georgia Tech. Zach is an arm or extension of the national fraternity which created it, and that fraternity, in turn, is not an arm or extension of Georgia Tech. Accordingly, the ad valorem property tax exemption set forth in OCGA § 48-5-41 (a) (6) does not apply to the property owned by Zach and used for private residential and recreational purposes.

*Judgment affirmed. All the Justices concur, except Hines, J., not participating.*

DECIDED SEPTEMBER 13, 1999.

*Bodker, Ramsey & Andrews, Stephen C. Andrews, David J. Maslia,* for appellant.

*Bernard R. Thomas, Sr., Vernitia A. Shannon,* for appellees.