## A02A0215. FULTON COUNTY BOARD OF TAX ASSESSORS v. VISITING NURSE HEALTH SYSTEM OF METROPOLITAN ATLANTA, INC.
### (568 SE2d 798)

BARNES, Judge.

The Fulton County Board of Tax Assessors ("Board") appeals the judgment entered on a jury verdict which found the Visiting Nurse Health System of Metropolitan Atlanta, Inc. ("VNHS") exempt from ad valorem taxes. For the reasons that follow, we affirm.

In the first appearance of this case before this court, we reversed the grant of summary judgment to VNHS, concluding that the trial court erred in holding as a matter of law that VNHS qualified as a purely public charitable institution exempt from ad valorem taxes. *Fulton County Bd. of Tax Assessors v. Visiting Nurse Health System &c.*, 243 Ga. App. 64, 65 (2) (532 SE2d 416) (2000). We also held that VNHS did not qualify for tax exemption as a nonprofit hospital. Id. at 67 (3). Following the remittitur, the Board moved for summary judgment, which the trial court granted as to whether VNHS was a nonprofit hospital and denied as to whether VNHS was a public charity. The case was tried by a jury, which found VNHS exempt from ad valorem taxation in Fulton County. The trial court entered judgment on the verdict and subsequently denied the Board's motion for a judgment notwithstanding the verdict ("j.n.o.v."). The Board appeals.

1. The Board argues that the trial court erred in failing to grant its motion for directed verdict, in failing to rule on its motion for directed verdict when it was made, and in failing to grant its motion for j.n.o.v. The Board presents no argument concerning the second ground, which we thus consider abandoned pursuant to Court of Appeals Rule 27 (c) (2).

2. The Board addresses both of its remaining enumerations together, arguing essentially that "insufficient" evidence supported the jury's verdict. The standard for granting motions for directed verdict and for j.n.o.v. is the same. *Crump v. McDonald*, 239 Ga. App. 647-648 (1) (520 SE2d 283) (1999). They may be granted only when no conflict exists in the evidence and the evidence presented, with all reasonable inferences therefrom, demands a particular verdict. OCGA § 9-11-50 (a). On appeal, the appellate court considers whether any evidence supports the jury's findings. *Ogletree v. Navistar Intl. Transport Corp.*, 271 Ga. 644 (522 SE2d 467) (1999). "Where there is any evidence upon which the verdict can be based, the jury is free to disbelieve whatever facts are inconsistent with their conclusion and the court cannot substitute its conclusion for that of the jury and enter a judgment notwithstanding the verdict." (Citations and punctuation omitted.) Id. at 647.

The issue presented to this jury was whether VNHS qualified for

a tax exemption as an institution of "purely public charity" under OCGA § 48-5-41 (a) (4). In determining this issue, the jury considered three factors: (1) whether VNHS is an institution "devoted entirely to charitable pursuits"; (2) whether VNHS's charitable pursuits are "for the benefit of the public"; and (3) whether the use of the property is "exclusively devoted to those charitable pursuits." *York Rite Bodies of Freemasonry v. Bd. of Equalization*, 261 Ga. 558 (2) (408 SE2d 699) (1991).

(a) The Board first argues that VNHS "presented no new evidence" at trial, and that "[a]ll the evidence at trial was already part of the record at the time Appellant previously appealed the grant of summary judgment." Therefore, the Board contends, given VNHS's "failure to provide the trial Court with any new evidence during the trial of this case, Appellee was not entitled to a verdict in its favor." In our previous opinion, we reversed a grant of summary judgment, not a verdict, and held that "[g]iven the dearth of evidence that VNHS qualifies as a purely public charity, issues of fact remain as to whether it is exempt from ad valorem taxes." *Fulton County Bd. of Tax Assessors v. Visiting Nurse &c.*, supra, 243 Ga. App. at 67. The Board's argument that VNHS presented no new evidence is puzzling, as VNHS presented to the jury testimony from five witnesses, evidence that was not before this court in the previous appeal. The trial court did not err in denying the Board's motion for directed verdict or j.n.o.v. based on this court's previous reversal of a summary judgment grant.

(b) The Board next argues that insufficient evidence established that VNHS is an institution of purely public charity, because the majority of its patients pay for services through Medicare, Medicaid, or insurance. As we noted previously, "where the primary purpose of the institution is to service those patients who do pay, then it cannot be said to be purely charitable." *Fulton County Bd. of Tax Assessors v. Visting Nurse &c.*, supra, 243 Ga. App. at 66. The issue is not, however, whether "insufficient" evidence supported the jury's conclusion that VNHS is an institution of purely public charity, but whether any evidence does so. *Ogletree v. Navistar Intl. Transport*, supra, 271 Ga. at 647.

A review of the record establishes that VNHS presented some evidence that its primary purpose is charitable. Its president and CEO testified that the institution was founded in 1948 to provide home health service to all patients, regardless of their ability to pay. When VNHS accepts a patient for care, that patient gets the care he needs regardless of whether he has a payor source or whether that source will cover all services needed. The institution uses funds from paying patients to further indigent care, along with donations and grants. While the majority of patients have some source of funds,

their needs often exceed those sources and they become what VNHS calls "uncompensated" patients. For example, blind diabetics can live alone, but cannot see to fill their syringes with insulin, and insulin's short shelf life means that syringes cannot be filled very far ahead of time. Medicaid will pay for 75 home visits per year, but that patient might require 250 visits per year. Therefore, VNHS visits 76 through 250 are not compensated. In another example, Medicaid pays only $100 of the $200 cost of a dose of intravenous antibiotics, and only $4 for the supplies required to mix the solution and the courier fees to transport it.

The president further testified that the institution served 962 children in 2000 at a total cost of $1.2 million. Medicaid paid $500,000 for those services, and VNHS underwrote the additional $700,000 costs. Some years, VNHS gives away more in care than it has in revenue; the few times it has earned excess revenue, it has seen more patients, replaced equipment, or begun new programs. For example, the institution created a children's hospice with $50,000 excess revenue, which is now sustained through contributions and is the largest children's hospice in the country. The only requirements to be eligible for services are that the patient (1) has a need for services; (2) is under a doctor's orders, because nurses in Georgia cannot practice without an order; and (3) can be located in an environment that is safe for the health care provider. Ability to pay is not a criterion for eligibility.

As to whether VNHS is devoted entirely to charitable purposes, the fact that some of its patients have payor sources is not dispositive. *Chatham County Bd. of Tax Assessors v. Southside Communities Fire Protection*, 217 Ga. App. 361, 364 (457 SE2d 267) (1995). The evidence showed that the money VNHS collected from some of its patients was used to offset expenses and pay for additional patient care. "The evidence also showed that [VNHS] provided its services to all in need of assistance, not just to [those who could pay]." Id.

The facts in *Annandale at Suwanne v. Gwinnett County Bd. of Tax Assessors*, 242 Ga. 241 (248 SE2d 640) (1978), are distinguishable from those in this case. The court in *Annandale* noted that "the families of residents or government agencies on their behalf pay monthly for each [of the 29] resident[s]," and thus the facility was "not sufficiently 'public' in nature." Id. at 242. The court distinguished other cases affirming an exemption, because in those cases a percentage of the clients paid nothing or a minimal amount for services, as is the case with a percentage of VNHS's clients. For example, VNHS underwrote more than half the cost of treating 962 children in 2000.

After reviewing the record, we hold that some evidence supports the jury's conclusion that VNHS's primary purpose was charitable,

and thus the trial court did not err in denying the Board's motions for directed verdict and j.n.o.v.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 11, 2002.

*Johnson, Freeman & Perkins-Hooker, Ronald J. Freeman, Thomas A. Cox, Jr., Maureen M. McLeod*, for appellant.

*Kilpatrick Stockton, Stephen E. Hudson, Burleigh L. Singleton, David M. Zacks*, for appellee.