## A03A0114. WILLIAMS v. THE STATE.
(574 SE2d 416)

ELDRIDGE, Judge.

Charles Williams appeals from the trial court's denial of his motion for discharge and acquittal based on his demand for speedy trial pursuant to OCGA § 17-7-171.[1] In his sole enumeration of error he argues that such denial was an abuse of discretion. Finding no error in the trial court's decision, we affirm because Williams waived his rights to a speedy trial under OCGA § 17-7-171 by failing to serve the demand on the district attorney and by failing to be present in court announcing ready for trial and requesting trial on the indictment during both of the first two regular terms of court following the term at which the demand was filed.

On February 4, 1997, Williams was indicted for armed robbery and aggravated assault. On December 9, 1998, a motion for bond reduction was heard by the Honorable Richard Hicks, Magistrate Judge, sitting pro hac vice, for Fulton County Superior Court Judge Rowland Barnes. Judge Hicks denied Williams' request for bond reduction; however, Judge Hicks instructed Williams he would entertain a motion for an out-of-time speedy trial demand pursuant to OCGA § 17-7-171 due to Williams' lengthy incarceration while he awaited trial.

On December 14, 1998, while presiding over a plea and arraignment calendar pro hac vice for Fulton County Superior Court Judge Isaac Jenrette, Judge Hicks signed an order granting Williams the right to file an out-of-time speedy trial demand. The parties stipulated that jurors were qualified and impaneled on December 14, 1998; that the terms in Fulton County Superior Court are two months in length; and that the next two regular terms of court were the January/February 1999 term and the March/April 1999 term.[2] On May 4, 1999, Williams filed a motion for discharge and acquittal in that he had not been tried by the end of the March/April term. Subsequently, on October 12, 1999, Williams' case was transferred to Judge Jenrette as part of a "Master Backlog Calendar," and a hearing on Williams' motion for discharge and acquittal was held on January 24, 2000. After hearing evidence, Judge Jenrette denied Williams' motion, finding that Williams did not serve the State as required under OCGA § 17-1-1 (a) with the demand for speedy trial or the ex parte order permitting the out-of-time demand for speedy

---

[1] Williams' notice of appeal is pursuant to an April 2, 2002 order granting him leave to file an out-of-time appeal.

[2] The terms of court for Fulton County Superior Court commence on the "[f]irst Monday in January, March, May, July, September, and November." OCGA § 15-6-3 (3).

trial, and that Williams failed to fulfill "the requirements of OCGA § 17-7-171." *Held*:

> Discharge and acquittal based on a demand is an extreme sanction that requires strict statutory compliance. . . . Under OCGA § 17-7-171, to effectuate a speedy trial demand, a defendant must fully comply with a three-prong procedure. A defendant must file a demand with the court; there must be juries impaneled and qualified to try the defendant at both of the first two regular terms of court following the term at which the demand is filed; and at some point during both of the first two regular terms of court following the term in which demand is filed, the defendant must be present in court announcing ready for trial and requesting a trial on the indictment.

(Citations omitted.) *Crawford v. State*, 252 Ga. App. 722, 723 (1) (556 SE2d 888) (2001). Further, in order to perfect the demand, legal service pursuant to OCGA § 17-1-1 must be made on the prosecutor. See OCGA § 17-1-1 (a).

1. A trial court's finding of lack of service of a demand for speedy trial will be accepted unless it is clearly erroneous. *Leimbach v. State*, 251 Ga. App. 589, 590 (554 SE2d 771) (2001); *Johnson v. State*, 203 Ga. App. 896, 897 (418 SE2d 155) (1992). At the hearing, John Mayer of the Fulton County Public Defender's Office testified that on December 14, 1998, he filed the order signed by Judge Hicks and a demand for speedy trial pursuant to OCGA § 17-7-171 with the Clerk of Superior Court of Fulton County and served the Fulton County District Attorney's Office with a copy of both documents by placing both in a box provided by the district attorney's office for documents being served. Attached to the demand for speedy trial was a certificate of service signed by Sean Maher of the Fulton County Public Defender's Office, as attorney of record.

Margaret Smith testified that she was currently employed by the Fulton County District Attorney's Office and that in December 1998, her duties were to receive service of all documents for the attorneys in that office. Smith testified that there is a sign on the receptionist's desk directing anyone attempting to serve pleadings on the district attorney to her desk, which is in plain view. When pleadings are brought to her, there is a log available for the person serving the documents to fill out and sign. The log has a space for the date; the type of document being served; the name of the defense attorney; whether the document is a demand for trial; the number of pages the document contains; the booking number, the accusation, or indictment number; the signature of the person serving the documents; and a

space for the secretaries in the district attorney's office to sign and date when they pick up the documents to distribute them to the assistant district attorneys in the office. There was no entry on the district attorney's log showing that Judge Hicks' order allowing an out-of-time speedy trial demand or the demand for speedy trial was served on the district attorney.

Smith further testified that both Maher and Mayer often refused to fill out the log. However, when Maher served the district attorney with a copy of the motion for discharge and acquittal, he correctly filled out the log on such document. Mayer testified that he was aware of the log's existence in December 1998; that when he served pleadings on the district attorney, he generally refused to fill out the log; and that on December 14, 1998, when he served the district attorney with a copy of Judge Hicks' order and the demand for speedy trial, he did not fill out the log for such documents. Smith testified that, even if the person serving pleadings on the district attorney's office refuses to fill out the log, any pleadings left with her for service on the district attorney are still given to the assistant district attorney who is assigned to the case.

Wanda Dallas, the assistant district attorney assigned to prosecute Williams' case, testified that she was not served with a copy of the order or the demand for speedy trial until May or June 1999, when she was served with the motion for discharge and acquittal, which had a copy of the order and demand attached. Dallas further testified that a conference to discuss the status of all criminal cases assigned to Judge Barnes was held on January 3, 1999. Williams' case was discussed at the status calendar and was set for trial in mid to late May. While Maher was not present at the status conference, two attorneys with the Fulton County Public Defender's Office were present and no mention was made of the demand for speedy trial which had been filed. During the month of March or April 1999, Dallas testified that an additional conference was held to discuss the status of Williams' case; Maher had been assigned to work in another judge's court, and Judge Barnes wanted to assure that Maher would be able to try Williams' case during the May calendar. At this meeting, Maher did not mention the demand for speedy trial.

Susan Christy testified that she had been Judge Barnes' case manager from December 1998 until the present. Christy further testified that she was not aware that Maher had filed a demand for speedy trial in Williams' case. Christy testified that she received a copy of Williams' motion for leave to file an out-of-time speedy trial demand from the clerk of superior court, but that she did not receive a copy of Judge Hicks' order or the demand for speedy trial. After receiving a copy of the motion requesting that the trial court allow Williams' to file an out-of-time demand for speedy trial, Christy

brought the motion to Judge Barnes' attention, at which time he denied it. The record shows that the order denying Williams' motion was signed by Judge Barnes on January 22, 1999. Christy testified that a copy of Judge. Barnes' order was mailed to Maher, but that he did not contact her to inquire about the conflicting orders.[3]

Under these facts, the evidence was sufficient to rebut the prima facie proof of service shown by the defense attorney's certificate of service.[4] Accordingly, the trial court's ruling that service had not been perfected was not clearly erroneous. Id. As the trial court correctly pointed out, defense counsel was not required to sign the log provided in the district attorney's office to perfect service. However, we feel compelled to point out the obvious. Had defense counsel followed the procedure set forth by the district attorney, the log would have provided evidence that service was actually perfected.

2. Although not specifically ruled on,[5] the record reveals that neither Williams nor his attorney was present in court announcing ready for trial and requesting trial on the indictment during both of the first two regular terms of court following the term at which the demand was filed. Even though Williams' case did not appear on a trial calendar during the first two regular terms following the term in which his demand for speedy trial was filed, the defendant is nevertheless required at both terms, "either through his own actions or those of his attorney, to actually be present in court, announcing his readiness to proceed, and requesting trial. *Burns v. State*, 265 Ga. 763 (462 SE2d 622) (1995)." *Levester v. State*, 270 Ga. 485, 487 (512 SE2d 258) (1999); see also *Azizi v. State*, 274 Ga. 207, 209 (553 SE2d 273) (2001).

The first term of court following the term in which Williams' demand for speedy trial was filed was the January/February 1999

---

[3] Although Williams sets out in his appellate brief evidence proffered after the trial court refused to hear additional evidence on motion for reconsideration, he does not allege on appeal either by enumeration of error or by argument that the trial court's refusal to consider new evidence on motion for reconsideration was error. Thus, we are precluded from deciding if the trial court's ruling was in error and, therefore, from considering such evidence on appeal. *In the Interest of J. W. K.*, 254 Ga. App. 661, 663, n. 2 (563 SE2d 514) (2002) ("Matters not enumerated as error will not be considered on appeal.") (citations and punctuation omitted); *Fulton County Bd. of Tax Assessors v. Visiting Nurse &c. of Metro. Atlanta*, 243 Ga. App. 64, 65, n. 4 (532 SE2d 416) (2000) (matters neither enumerated as error nor addressed by argument deemed abandoned); *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999).

[4] See OCGA § 17-1-1 (e) (1), (2) (a certificate attached to the original of the paper to be served, certifying as to the service thereof shall be taken as prima facie proof of such service); see also *Leimbach v. State*, supra at 590-591; *Rodriguez v. State*, 180 Ga. App. 272-273 (349 SE2d 22) (1986).

[5] While the State argued and presented evidence that Williams had not appeared in court announcing ready for trial and requesting a trial on the indictment during both of the first two regular terms of court following the term in which the demand was filed, the trial court in its order made only a general finding that Williams had failed to comply with the provisions of OCGA § 17-7-171.

term. On January 3, 1999, a status conference was held on Williams' case, as well as every other criminal case assigned to Judge Barnes. Williams' attorney of record, Maher, was not present; however, two other Fulton County Public Defenders were present. No mention was made of Williams' demand for speedy trial, and the case was set for trial, without objection, on the May 24, 1999 calendar in position number 24. An order setting the case for trial on May 24, 1999, was mailed to Maher. During the remainder of the January/February term, Maher never contacted the prosecutor or the trial court asking that the case be set for an earlier trial.

More importantly, as an "assertion of a speedy trial demand under OCGA § 17-7-171 must be made in open court," (footnote omitted.) *Azizi v. State*, supra at 208, neither Williams nor Maher appeared in court during this term stating that Williams was ready to proceed and asking that the case be set for trial. "OCGA § 17-7-171 sets forth strict requirements for the assertion of speedy trial rights and stringent adherence to those requirements is mandated." (Footnote omitted.) Id. at 209; *Levester v. State*, supra at 487; *Burns v. State*, supra at 763. Thus, Williams waived his speedy trial rights. See *Levester v. State*, supra at 487 ("[A] defendant may waive the right to a speedy trial by his action[ ] or inaction.") (citations omitted).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 14, 2002.

*Whitman M. Dodge*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.